Argued and submitted October 25, 1982, reversed and remanded January 19, 1983

CLIFFORD,
*Appellant,*
*v.*
HAUSKINS et al,
*Respondents.*

(No. A8012-06998, CA A23979)

656 P2d 962

Monica M. O'Brien, Portland, argued the cause for appellant. With her on the briefs was Gleason, Scarborough, Trammell & Kretzmeier, Portland.

Leonard J. Kovac, Jr., Milwaukie, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, Thornton, Senior Judge, and Van Hoomissen, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In this declaratory judgment action plaintiff contends, *inter alia,* that he is the owner of one-half of the shares of defendant M & H Manufacturing, Inc. (corporation) and that the corporation and its principal shareholder, defendant Hauskins, owe plaintiff one-half of the proceeds received from the sale of the corporation to defendant B & E Anderson Investment Company. Plaintiff appeals from the trial court's summary judgment for defendants. We reverse.

The ultimate question is whether a $20,000 payment from plaintiff to Hauskins was for the purchase of shares of the corporation or was made for a different purpose. The ultimate answer appears to depend mainly on whether the two men reached an oral agreement and, if so, what the terms of the agreement were. Their depositions, filed in support of and in opposition to the summary judgment motion, respectively, are in complete conflict—or confusion—as to what the discussions or agreement between Hauskins and plaintiff were about.

Defendants do not argue that there is no disputed factual question about the specifics of plaintiff's and Hauskins' communications. Instead, defendants contend:

"A reading of the deposition[s] of * * * Hauskins and Plaintiff * * * shows such a lack of adequate negotiation, discussion and mutual intention, that frustration and resignation to failure were finally admitted by both of the parties. Clifford left the company and retired after he couldn't reach any definite agreement with Hauskins. Hauskins, on the other hand, sold the company to a third party after Clifford declined to purchase it as Hauskins thought he had agreed to.

"Neither party testifies as to an agreement definite enough in its terms so as to be enforceable by a court. In order for a contract to exist, the parties thereto must manifest a mutual intent to be bound, usually demonstrated by an offer and acceptance. * * * Such manifestation did not happen in this case; the intentions of Hauskins and Clifford were never close to mutual." (Citation omitted.)

We said in *Alair Aviation v. Campbell,* 58 Or App 409, 648 P2d 1339 (1982):

"* * * Whether the terms of an oral agreement are definite is an issue which must generally be decided after an appraisal of the full testimony. *See Forest Grove Brick v. Strickland,* 277 Or 81, 559 P2d 502 (1977). When the existence of an oral agreement or its *general* relevance to a controversy is alleged and denied, the determination of the *specific* terms of the agreement will often turn on subjective understandings and recollections which seem to us to be peculiarly ill-adapted to evaluation through summary judgment procedures. * * *" 58 Or App at 415. (Emphasis in original.)

For similar reasons, the trial court here erred by granting the motion for summary judgment.

Reversed and remanded.