**Casper A. MAROTTA et al., Appellants,**

v.

**Philip MILESTONE et al., Appellees.**

**No. 17072.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 5, 1962.

Decided Jan. 3, 1963.

Mr. Wallace McGregor, Washington, D. C., for appellants. Mr. Thomas J. Pearson, Washington, D. C., also entered an appearance for appellants.

Mr. Stanley B. Frosh, Washington, D. C., for appellees.

Before BAZELON, Chief Judge, and WILBUR K. MILLER, and FAHY, Circuit Judges.

PER CURIAM.

Appellants, three in number, Peter, Casper and Angela Marotta, filed suit against appellees in the District Court for damages allegedly due to fraud practiced upon them in a real estate transac-

tion. Misrepresentations with respect to the boundary of property being purchased by them from appellees were alleged. In the same complaint two other groups of plaintiffs sued the defendants, the present appellees, for damages due to like fraud in sales to those plaintiffs of other real estate in the same vicinity. The three causes of action joined in the complaint were independent of each other, although of similar character.

■ Appellees' motion to dismiss the Marotta complaint was granted April 26, 1962. The other causes of action had not then been disposed of, but by July 23, 1962, they had been ended with finality. In the meantime a Notice of Appeal had been filed bringing the present appeal to this court, although no express determination under Rule 54(b) was made by the District Court, for which reason appellees suggest that this court is without jurisdiction. See David v. District of Columbia, 88 U.S.App.D.C. 92, 187 F.2d 204; and Chvala v. D. C. Transit System, Inc., 110 U.S.App.D.C. 331, 293 F.2d 519. Since, however, the other controversies have been finally disposed of and, moreover, the order of the District Court now before us could not, because of the nature of the other claims, have been on their account "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties," we think Rule 54(b) does not apply, and that we need not disclaim jurisdiction.

■ Appellants are respectively the widow and two children of Alfonso Marotta. It appears that the motion to dismiss was granted on the theory they were not parties to the transaction involved in the alleged fraud because, it is contended, the alleged fraud related to performance of a contract between Alfonso and appellees, not between appellants or any of them and appellees. The complaint, however, alleges otherwise, and in this respect it gains some support from the appellees' answer in the District Court, a pretrial order, and an affidavit which was before that court. On the other hand a written contract made an exhibit to the pretrial order and which appellees assert was displayed to the District Court during argument of the motion to dismiss, and which appears to have been signed only by Alfonso and appellees, gives support to the contention of the latter.

The sum of it is that there was a factual and legal issue as to the right of appellants to maintain the action. The issue could not be resolved against them on the pleadings. Accordingly, dismissal of their complaint on motion was precluded.

Reversed.