Argued and submitted March 10, reversed and
remanded for further proceedings August 4, 1982

# ALAIR AVIATION SERVICES, INC.,
*Appellant,*

*v.*

# CAMPBELL et al,
*Defendants,*

# HORIZON AVIATION, INC., et al,
*Respondents.*

## (No. 80-7-169, CA A22053)

648 P2d 1339

Robert J. Ericsson, Portland, argued the cause for appellant. With him on the briefs were John L. Langslet, Lloyd B. Ericsson, and Martin, Bischoff, Templeton, Biggs & Ericsson, Portland.

Nancy S. Tauman, Oregon City, argued the cause for respondents. With her on the brief was Hibbard, Caldwell, Bowerman, Schultz & Hergert, Oregon City.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P.J.

Plaintiff appeals from a summary judgment for defendants Horizon Aviation, Inc. (Horizon) and Richard C. Littleton doing business as Tony's Aircraft Repair (Littleton) in this action for breach of a covenant not to compete. We reverse.

■ Defendants Campbell, Nichols and Bidgood are partners doing business as Airvest Company (Airvest).[1] The partnership owns land at the south end of Aurora Airport that, as of June, 1976, was leased by oral agreement to Horizon. At that time, the three Airvest partners, along with one other person, were the shareholders of Horizon. Horizon is in the business of buying, selling and leasing aircraft. On June 1, 1976, Horizon and plaintiff entered into an agreement whereby Horizon subleased part of the property to plaintiff as a location for plaintiff's aircraft repair business. The sublease was for a two-year term, subject to plaintiff's option to extend. The agreement provided that Horizon was not to "engage in any business which will compete with [plaintiff]" and that Horizon as lessor

"* * * will not engage in aircaft maintenance and repair on its adjoining premises during the term of this lease. Lessee is granted the sole and exclusive right to establish, operate and manage such a facility on Lessor's premises. Lessor will not permit any other person to do repair, overhaul, maintenance or replacement of air frames, engines, propellers, accessories, instruments, radios and components thereof or to provide or sell labor, parts and supplies related thereto. This is not intended to prevent aircraft owners from working on their own aircraft. * * * Lessor agrees that it will have all of the aircraft owned by it and based at Aurora maintained by Lessee. * * * Lessee

---

[1] Horizon and Littleton moved to dismiss this appeal on the ground that, at the time the judgment in their favor was entered, plaintiff's claims against defendants Campbell, Nichols and Bidgood, dba Airvest Company, had not been decided and the trial court did not certify the summary judgment as appealable pursuant to former ORS 18.125. However, after the summary judgment order was entered, plaintiff's action against the defendants other than Horizon and Littleton was dismissed by stipulation. We conclude that we have jurisdiction. *See Jones v. Tri-State Realty*, 46 Or App 159, 611 P2d 312 (1980).

Where not otherwise indicated, the term "defendants" is this opinion refers to Horizon and Littleton.

will not compete with Lessor's business of sales and rental of aircraft and related material nor will Lessee compete with the operation of a flight school. Lessee shall limit his operations to the things which he has an exclusive right to operate. * * *"

In February, 1978, plaintiff notified Horizon that it would exercise the option to extend the agreement when it expired on May 31. On March 1, Horizon was sold to Littleton and his wife. Nevertheless, on June 1, 1978, the Airvest partners entered into an agreement with plaintiff. that purported to be an addendum to and continuation of the lease agreement between Horizon and plaintiff. The first recital in the addendum states:

"WHEREAS, *AIR-VEST, the Lessor herein is the owner of Horizon Aviation, Inc. under the terms of a certain lease* dated the 1st day of June, 1976, wherein the Lessee herein was the Lessee under the terms of said lease * * *." (Emphasis added.)

Other than the ambiguity in that recital, however, Airvest is clearly identified as the lessor in the addendum and the instrument was executed on behalf of Airvest as lessor by the three partners. The addendum also provides, under the caption "Use and Enjoyment":

"In addition to the premises described under the original lease under the captioned heading, said provision shall extend to all area now owned by the Lessor or controlled by the Lessor or in the future to be owned or controlled by the Lessor."

The addendum concludes with a statement that "the other provisions of that certain lease dated June 1, 1976, shall be continued as set forth therein unless specifically amended by this addendum."

Plaintiff contends that, in addition to the written agreements,

"* * * [s]ome time at the beginning of March or shortly thereafter, [plaintiff] entered into an oral agreement and understanding with Horizon and Littleton that everyone would continue to abide by the terms of the 1976 agreement in that [plaintiff] would continue to repair and maintain aircraft while Horizon and Littleton would not. Horizon and Littleton were further to continue to have [plaintiff] repair all of their airplanes, whether owned,

operated, or controlled by Horizon or Littleton, and it was further understood that neither Horizon nor Littleton would compete against [plaintiff] by soliciting away [plaintiff's] repair business or by establishing a repair facility of their own, either individually or otherwise. In return, [plaintiff] agreed to continue with its promise not to sell aircraft or operate a flight school."

In May, 1980, Littleton began operating Tony's Aircraft Repair at the north end of the Aurora field. According to plaintiff, Horizon and Littleton have violated the noncompetition agreement in a variety of respects, principally by using Horizon facilities and operations to solicit and divert repair work to Littleton's business rather than plaintiff's, by using Horizon's own facilities as a locale for repair work, and by failing to engage plaintiff to repair and maintain aircraft owned, operated or controlled by Horizon and Littleton.

The only stated bases for the trial court's order allowing summary judgment were its "findings" that "the defendants * * * are not engaged in competition with plaintiff" and that "there are no genuine issues of material fact." An earlier motion for summary judgment by Horizon and Littleton had been allowed by a different trial judge.[2] He gave as the grounds for his ruling:

"MOTION FOR SUMMARY JUDGMENT - HORIZON AVIATION, INC.

"As to plaintiff's cause of action against Horizon Aviation, Inc., a corporation, I find no genuine issue as to any material fact. Even assuming plaintiff's proposition that there is a question of fact as to whether or not this corporate defendant remains bound to plaintiff by way of the 1976 covenant not to compete, the record herein is devoid of any showing that Horizon Aviation, Inc. is, in fact, competing with plaintiff as alleged.

"The on-site Unicom diversions described in the Timberman [plaintiff's president] affidavit do not show the complained of competition on the part of the corporate defendant and the balance of Timberman's claims (page 4,

---

[2] The procedural events which led to summary judgment being granted twice are neither relevant to our disposition nor challenged by the parties. We note, however, that plaintiff supplemented the record between the time of the first ruling and the second.

Timberman affidavit) are much too ambiguous and conclusory to establish a question of fact.

"Should plaintiff ultimately be able to show nothing more than the overt participation of Horizon Aviation, Inc. in the diversion of aircraft to Tony's Repair Service, it is my further opinion that no material question of fact will arise under these pleadings in absence of a further showing that Tony's Repair Service is, in actuality, Horizon Aviation, Inc. 'A' does not compete with 'B' by referring business to 'C'.

"*MOTION FOR SUMMARY JUDGMENT - RICHARD C. LITTLETON*

"Regarding plaintiff's cause of action against Richard C. Littleton, doing business as Tony's Aircraft Repair, I likewise find no genuine issue as to any material fact. The record does not show *Littleton* to be a party to the covenants complained of. Whatever may have 'run' with the addendum agreement certainly did not run to Littleton individually. He is, obviously, an entity other than the obligated parties and is not *personally* bound by the alleged covenants simply because he owns stock in Horizon Aviation, Inc.

"Thus, I am of the view that Littleton may do whatever he wishes by way of competition, with plaintiff or anyone else.

"From what has been presented thus far it is difficult for me to perceive any viable theory that could ultimately hold Richard C. Littleton, individually, in this case." (Emphasis in original.)

■     With respect to Horizon's summary judgment motion, we conclude that the affidavits of plaintiff's president and the other evidence show that there are material and disputed questions of fact as to whether Horizon was competing with plaintiff and was complying with any requirements of the agreement or agreements that it permit plaintiff to do the repair work on Horizon's own aircraft and that it prevent entities other than plaintiff from engaging in or competing for aircraft repair business on Horizon's premises.

■ ■     The first trial judge's reasons for granting Littleton's motion are not viable in light of the supplemental affidavit of plaintiff's president, filed after the judge's

ruling (*see* n 2, *supra*), which avers that Littleton orally agreed not to compete and agreed to be bound by the provisions of the 1976 and 1978 instruments. We also conclude that there is a genuine question of material fact about whether the anti-competition provisions of the written agreements bind Littleton. Defendants contend that neither Horizon nor Littleton is bound by the 1978 agreement between Airvest and plaintiff, because Airvest rather than Horizon or Littleton was the contracting party. We cannot conclude as a matter of law from this record that Horizon and Littleton are not bound. As noted, the 1978 addendum recites that Airvest "is the owner of Horizon." The addendum purports to be a supplement to a lease agreement between Horizon and plaintiff; plaintiff had and exercised a unilateral right to extend that agreement. Littleton is an owner of Horizon. We conclude that there is a mix of factual and legal questions that must be resolved before the rights and obligations of the parties under the oral or written agreements can be determined.

Defendants argue that the alleged oral agreement fails for lack of definite terms and that the affidavits of plaintiff in opposition to the summary judgment motions do not make it clear what the terms are. We conclude from our review of the affidavits and other evidence that a trier of fact could find what the necessary terms are and could find terms which are definite enough for the agreement to be enforceable. *See Seeborg v. General Motors Corporation,* 284 Or 695, 700, 588 P2d 1100 (1978).

■ More fundamentally, we question whether it is appropriate to decide issues like this one by summary judgment. Whether the terms of an oral agreement are definite is an issue which must generally be decided after an appraisal of the full testimony. *See Forest Grove Brick v. Strickland,* 277 Or 81, 559 P2d 502 (1977). When the existence of an oral agreement or its *general* relevance to a controversy is alleged and denied, the determination of the *specific* terms of the agreement will often turn on subjective understandings and recollections which seem to us to be peculiarly ill-adapted to evaluation through summary judgment procedures. We reject defendants' argument.

■ Defendants next contend that the oral agreement is void under the statute of frauds, because it is not to be

performed within one year from its making. ORS 41.580(1). The court stated in *Krause v. Bell Potato Chip Co.*, 149 Or 388, 39 P2d 363 (1934):

> "* * * The statute of frauds does not apply to any agreement not to engage in a certain business, although the time specified is for a period longer than one year * * *." 149 Or at 391-92.

In any event, defendants claim in their brief that "the length of time of the alleged oral agreements is uncertain" and may be for a period of less than one year. Given that factual issue, the statute of frauds issue cannot be decided by summary judgment.

Defendants' next argument is that there was a lack of consideration for plaintiff's alleged agreements with Horizon and Littleton because:

> "In June 1978, plaintiff entered into a continuation of the 1976 agreement with defendant Airvest, Horizon's successor. Plaintiff agreed not to engage in aircraft sales or rental and to 'limit operations to the things which he has an exclusive right to operate.'
>
> "* * * * *
>
> "In the same breath, plaintiff allegedly offers as consideration to Horizon and Littleton, plaintiff's agreement not to engage in aircraft sales and rental, conveniently ignoring the facts that,
>
> "1.   Between March 1, 1978 and May 31, 1978, plaintiff could not engage in aircraft sales and rental; and
>
> "2.   On June 1, 1978, plaintiff agreed to continue not to engage in aircraft sales or rental. The proferred consideration was valueless. '[D]oing or promising to do what one is already bound to do is not a consideration sufficient to support a contract.' * * *" (Citations omitted.)

■   The Supreme Court's opinion in *Enco, Inc. v. F. C. Russell Co.*, 210 Or 324, 338-39, 311 P2d 737 (1957), *suggests* that an obligation can be valid consideration for separate contracts with separate parties, although the earlier contract alone is sufficient to bind the promisor to perform the obligation. Be that as it may, we are perplexed by the factual premise of defendants' argument. Defendants seem to be saying that, as of June 1, 1978, plaintiff's promise not to engage in sales and rentals ran in favor of

Airvest and therefore could not constitute separate consideration to Horizon and Littleton. That begs the question. The basic issue in this case is who contracted with whom about what. Whether the consideration flows to Airvest, Horizon, Littleton or some combination of them depends on the resolution of that issue. As earlier noted, there are factual and legal questions which remain to be decided concerning the existence and nature of the parties' rights and obligations under the 1978 written agreement. There are also remaining questions bearing on the legal relationship among Airvest, Horizon and Littleton and on the relationship among the various written and oral agreements. Assuming arguendo that defendants' lack of consideration argument *could* be legally tenable under *any* circumstances, the merits of the argument of course cannot be decided until it is determined at trial what the circumstances are.

■     Defendants' final argument is that the alleged covenant not to compete is void. They explain:

"In order for a covenant in restraint of trade to be valid, three elements are necessary:

" '(1)   it must be partial or restricted in its operation in respect either to time or place;

" '(2)   it must be on some good consideration; and

" '(3)   it must be reasonable, that is, *it should afford only a fair protection to the interests of the party in whose favor it is made,* and must not be so large in its operation as to interfere with the interests of the public. * * *' (Emphasis in original)

"*Rem Metals Corp. v. Logan,* 278 Or 715, 720, 565 P2d 1080 (1977); *Eldridge, et al. v. Johnston,* 195 Or 379, 403, 245 P2d 239 (1954).

"The non-competition agreement fails to meet any of the three essential elements as it applies to defendants Horizon and Littleton.

"It is not partial in its restriction and operation as to the place. The lease itself states that it covers only the adjoining premises of Airvest. Tony's does not operate on Airvest's adjoining premises, but rather at the opposite end (north) of the Airport. * * *

"* * * * *

"The covenant not to compete would be unreasonable if plaintiff's construction were allowed. It would require all defendants to prohibit aircraft maintenance and repair

anywhere at Aurora Airport. Such a construction would be void as a matter of law as against public policy."[3]

Again, the simple answer to defendants' argument is that other questions must be answered first. In light of the parties' disagreements about who has agreed to what, and in light of the fact that any relief the trial court affords plaintiff has yet to be fashioned, any comment on the voidness defense would be premature.[4]

Reversed and remanded for further proceedings.

---

[3] Defendants also contend that the agreement not to compete violates the provision of 49 USCA § 1349(a) that "there shall be no exclusive right for the use of any landing area or air navigation facility."

[4] In *Kelly v. Kosuga,* 358 US 516, 79 S Ct 429, 3 L Ed 2d 475 (1959), the Court stated:

"* * * [T]he petitioner quotes from this Court's opinion in *McMullen v. Hoffman,* 174 U.S. 639, 669 [19 S Ct 839, 43 L Ed 1117 (1899)], which dealt with the plea of illegality in another context: 'It has been often stated in similar cases that the defence is a very dishonest one, and it lies ill in the mouth of the defendant to allege it, and it is only allowed for public considerations and in order the better to secure the public against dishonest transactions.' Petitioner evidently is willing to take the bitter as well as the sweet from this passage. If the defense of illegality is to be allowed as a collateral method of enforcement of the antitrust laws, as the breadth of the petitioner's argument suggests, it must be said that his theory creates a very strange class of private attorneys general.

"* * * Past the point where the judgment of the Court would itself be enforcing the precise conduct made unlawful by the Act, the courts are to be guided by the overriding general policy, as Mr. Justice Holmes put it, 'of preventing people from getting other people's property for nothing when they purport to be buying it.' *Continental Wall Paper Co. v. Louis Voight & Sons Co.,* [212 US 227, 271, 29 S Ct 280, 53 L Ed 486 (1909)] (dissenting opinion). * * *" 358 US at 519-21.