Argued and submitted November 5, 1985, alternative writ of mandamus dismissed
May 20, reconsideration denied July 1, 1986

## STATE ex rel ZIDELL,
*Plaintiff-Relator,*

*v.*

## JONES,
*Defendant.*

(SC S31538)

720 P2d 350

Charles F. Hinkle, Portland, argued the cause and filed the briefs for Defendant. With him on the briefs were Lois O. Rosenbaum, Joseph D. Cohen, and Stoel, Rives, Boley, Fraser & Wyse, Portland.

William L. Hallmark, Portland, argued the cause and filed the brief for Plaintiff-Relator. With him on the brief were Emil R. Berg, and Hallmark, Griffith & Keating, P.C., Portland.

Thomas A. Balmer, Portland, filed a brief *amici curiae* for Kobin & Meyer, P.C., and Professional Liability Fund of Oregon State Bar. With him on the brief were Carl R. Neil, and Lindsay, Hart, Neil & Weigler, Portland.

CAMPBELL, J.

Lent, J., filed a dissenting opinion in which Carson, J., joined.

## CAMPBELL, J.

This is an original proceeding in mandamus. The relator was the plaintiff in a civil action in Multnomah County Circuit Court entitled *Zidell v. Zidell, et al.* The defendant in this proceeding was the trial judge in that action. This court granted an alternative writ of mandamus which required the defendant to show cause why he had not signed and directed entry of a final judgment as to all parties in the Multnomah County case. The defendant's answer in effect alleged that a final judgment had previously been entered, and that in any event the relator is not entitled to relief by way of mandamus.

The chief issue is whether a document entitled "JUDGMENT" signed by the defendant trial judge on September 8, 1982, in the Multnomah County action constitutes a final judgment.[1] This issue involves the interpretation and application of ORCP 67A. and B. and ORCP 70A. *See State ex rel Orbanco Real Estate Service Company v. Allen,* 301 Or 104, 720 P2d 365 (1986). We hold that the document dated September 8, 1982, when considered together with another document dated June 25, 1982, constitutes a final judgment. Therefore, we need not consider the affirmative defenses pleaded by the defendant in his answer to the alternative writ. We dismiss the alternative writ.

On May 1, 1980, the original complaint was filed in the case of *Zidell v. Zidell, et al.* It named 14 defendants. The amended complaint and the second amended complaint included two additional defendants—Rodney Stevens and Lillie Kugel. On June 25, 1982, the trial judge (defendant herein) signed a document entitled "JUDGMENT AS TO DEFENDANTS STEVENS AND KUGEL." The parties in the caption were designated as "ARNOLD H. ZIDELL, Plaintiff v. EMERY ZIDELL, et al., Defendants." The full body of the document reads as follows:

"The motion for Summary Judgment of defendants Stevens and Kugel having been allowed,

IT IS ORDERED AND ADJUDGED that plaintiff's Complaint be, and the same is hereby dismissed with prejudice as

---

[1] The "Judgment" signed by the defendant trial judge on September 8, 1982, was subsequently entered in the judgment docket by the clerk on September 15, 1982. The entry of the "Judgment" is not at issue.

to defendants Rodney Stevens and Lillie Kugel, and that they shall have and recover their costs and disbursements incurred herein, taxed at $_____."

Costs were later taxed at $55.

Between June 28, 1982, and August 9, 1982, the case was tried without a jury. At the conclusion of the trial the defendant herein, as trial judge, announced his oral decision including general findings and conclusions.

On September 8, 1982, the same trial judge signed a document entitled "JUDGMENT," prepared by the plaintiff's attorneys. The 14 original defendants were listed in the caption. The first paragraph of the document named each of the original 14 defendants and their respective attorneys. The defendants, Stevens and Kugel, were not mentioned in either the caption or the body of the document. The final three paragraphs of the document were as follows:

"NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's amended and second amended complaints and pretrial contentions, and any claim for relief contained therein are dismissed with prejudice and judgment is entered herein against the plaintiff and in favor of defendants with respect to said claim.

"IT IS FURTHER ORDERED that defendants' several counterclaims, amended counterclaims and pretrial contentions and any claims for affirmative relief against plaintiff contained therein are dismissed with prejudice and judgment is entered herein against the defendants and in favor of the plaintiff with respect to each of said counterclaims and contentions.

"IT IS FURTHER ORDERED that no party recover their costs and disbursements incurred herein."

On September 20, 1982, the plaintiff filed a notice of appeal to the Court of Appeals:

"Plaintiff-Appellant hereby gives notice of appeal from that Judgment dated September 8, 1982, and entered in this case on September 15, 1982, by Judge Robert P. Jones in the Multnomah County Circuit Court dismissing with prejudice plaintiff's Amended, Second Amended and Supplemental Complaints, pretrial contentions and any claim for relief contained therein and entering judgment against plaintiff and in favor of defendants with respect to said claims."

On November 11, 1983, the Court of Appeals dismissed the appeal because "the appellant failed to serve his notice on two parties [Stevens and Kugel] who appeared in the trial proceedings."[2] On February 10, 1984, the Court of Appeals denied reconsideration. On March 20, 1984, this court denied review. 296 Or 638, 678 P2d 739 (1984). Thereafter the plaintiff substituted attorneys and moved this court for a rehearing. On April 24, 1984, this court issued an order denying reconsideration.

■ On May 11, 1984, the plaintiff filed in the Multnomah Circuit Court a "MOTION FOR CERTIFICATION PURSUANT TO ORCP 67B." On May 25, 1984, the defendant trial judge, in an opinion letter, denied the motion. The letter in part stated: "The Judgment Order of September 15, 1982, disposed of every claim by every party."[3] By order entered on June 6, 1984, the plaintiff's "MOTION FOR CERTIFICATION PURSUANT TO ORCP 67(B)" was denied.

On December 17, 1984, the plaintiff, who is now the relator, associated the legal counsel currently representing him in this proceeding. On the same date, the plaintiff moved the circuit court "to enter a final judgment as to all defendants who have appeared in this case." The motion was denied on February 15, 1985.

On February 26, 1985, the plaintiff-relator filed the petition for an alternative writ of mandamus in this court. The petition recited the chronological history of *Zidell v. Zidell, et al.* and prayed for a writ commanding that Robert P. Jones, the defendant herein, vacate his order of February 15, 1985, and enter a final judgment as to all parties or show cause for

---

[2] ORS 19.023(2) provides, in pertinent part:

"The appeal shall be taken by causing a notice of appeal, in the form prescribed by ORS 19.029, to be served:

"(a) On all parties *who have appeared* in the action, suit or proceeding * * *." (Emphasis supplied.)

In 1982 ORS 19.033(2) further provided:

"The serving and filing of the notice of appeal as provided in ORS 19.023, 19.026 19.029 is jurisdictional and may not be waived or extended."

[3] The term "judgment order" is a misnomer and should not be used. *Gibson v. Benj. Franklin Fed. Savings and Loan,* 294 Or 702, 711 n 3, 662 P2d 703 (1983).

his failure to do so. The alternative writ was issued by this court on May 8, 1985.

This brings us to the chief issue in this case: Was the document signed by the defendant trial judge on September 8, 1982, and entered on September 15, 1982, a final judgment within the meaning of ORCP 67A. and B. and ORCP 70A.?

ORCP 67 provides in part:

"A.    Definitions. 'Judgment' as used in these rules is the final determination of the rights of the parties in an action; judgment includes a decree and a final judgment entered pursuant to section B. or G. of this rule. 'Order' as used in these rules is any other determination by a court or judge which is intermediate in nature.

"B.    When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

ORCP 70A. provides:

"Every judgment shall be in writing plainly labeled as a judgment and set forth in a separate document. A default or stipulated judgment may have appended or subjoined thereto such affidavits, certificates, motions, stipulations, and exhibits as may be necessary or proper in support of the entry thereof. No particular form of words is required, but every judgment shall specify clearly the party or parties in whose favor it is given and against whom it is given and the relief granted or other determination of the action. The judgment shall be signed by the court or judge rendering such judgment or, in the case of judgment entered pursuant to Rule 69 B.(1), by the clerk."

The defendant trial judge takes the position that the

Oregon Rules of Civil Procedure and the relevant case law impose four requirements for the existence of a final judgment: (1) final determination, (2)·plain labeling, (3) separate documents, and (4) clear specification of parties and determination. He argues that the document, entitled "JUDGMENT," which he signed on September 8, 1982, satisfied all four requirements and therefore was a final judgment.

ORCP 67A. defines "judgment" as *the final determination of the rights of the parties in an action.*" (Emphasis added.) An "order" is "any other determination by a court or judge which is intermediate in nature." ORCP 70A. provides that "every judgment shall be in writing *plainly labeled* as a judgment and set forth in a *separate document.*" (Emphasis added.)[4] The same rule also requires that "every judgment shall *specify clearly the party or parties* in whose favor it is given and against whom it is given *and* the *relief granted or other determination* of the action." (Emphasis added.)

There is no dispute between the parties as to the "plain labeling" and "separate document" requirements. The plaintiff does not contend that the document signed by the defendant on September 8, 1982, fails to meet those requirements. The dispute is whether the September 8th document satisfies the *final determination* and the *clear specification of the parties and the determination of the action* requirements of the Rules of Civil Procedure.

The defendant's first line of defense is that the September 8th document on its face, standing alone, makes a final determination of all claims of all parties and that it clearly specifies the determination of the action and the parties. He contends that any claims as to Stevens and Kugel were resolved when the summary judgment was granted on June 25, 1982, and that the claims and counterclaims as to the original 14 defendants were resolved on the conclusion of the bench trial. He points to the following language of the September 8th document to show that there was a final determination as to all 16 defendants:

"NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's amended and second amended complaints and pretrial contentions, *and any claim for relief*

---

[4] *See Gibson v. Benj. Franklin Fed. Savings and Loan, supra,* 294 Or at 707.

*contained therein are* dismissed with prejudice and *judgment is entered herein against the plaintiff and in favor of defendants* with respect to each of said counterclaims and contentions." (Emphasis from defendant's brief in this court.)

"IT IS FURTHER ORDERED that defendants' several counterclaims, amended counterclaims and pretrial contentions *and any claims for affirmative relief contained therein* are dismissed with prejudice and judgment is entered herein *against the defendants and in favor of the plaintiff* with respect to each of said counterclaims and contentions." (Emphasis from defendant's brief in this court.)

The defendant in this proceeding also claims that the document of September 8th satisfies the clear specifications requirement of ORCP 70A. He contends that the above quoted language refers to all claims for relief of all amended pleadings of the parties and "explicitly" states that the complaints and counterclaims were dismissed with prejudice and that "judgment is entered" against the plaintiff on his claims and against the defendants on the counterclaims.

The defendant's second line of defense is that the document of September 8th when considered together with the document of June 25, 1982, entitled "JUDGMENT AS TO DEFENDANTS STEVENS AND KUGEL," constitutes a final judgment.

The plaintiff-relator's position is that a final judgment has not been entered in the Multnomah County case. He contends that the June 25, 1982, and September 8, 1982, documents, although denominated "Judgments," are merely orders because each adjudicates rights of fewer than all of the parties and contains neither an express determination that there is no just reason for delay nor an express direction for the entry of a judgment in accordance with ORCP 67B. He points out that the June 25th document allowed a summary judgment as to only the defendants Stevens and Kugel, and that the September 8th document refers only to the original 14 defendants and does not mention either Stevens or Kugel in the caption or the body of the document. He argues that a final judgment should be a single document.

First, we measure the document of September 8th, standing alone, against the requirements of ORCP 70A. That rule in part provides: "No particular form of words is required,

but every judgment shall *specify clearly the party or parties* in whose favor it is given and against whom it is given and the relief granted or other determination of the action." (Emphasis added.) The document in question dismissed the plaintiff's complaints with prejudice and entered a judgment "against the plaintiff and in favor of the defendants." It also dismissed the defendants' counterclaims and entered a judgment "against the defendants and in favor of the plaintiff" in respect to the counterclaims.

■ The use of the word "plaintiff" in the September 8th document causes no problem. There has always been only one plaintiff in the case. What does the term "defendants" in the same document mean? Does it refer to only the original 14 defendants who are named in the caption and the body of the same document? Does it include the additional defendants, Stevens and Kugel? Because of these obvious questions we hold that the term "defendants" in the September 8th document is ambiguous. In order for a reader to determine if the document refers to 14 or to 16 defendants an additional descriptive phrase is needed. The intent of the document would be clear if it described the defendants as "the above named defendants," "the defendants named herein," or "all defendants who have appeared." The document does not "specify clearly the * * * parties in whose favor it is given" and therefore does not comply with one of the requirements for a judgment set out in ORCP 70A.

Next we consider the defendant trial judge's position that the document of September 8th when considered together with the document of June 25th constituted a final judgment.

Our consideration of this part of the defendant's position breaks down into four questions: (1) Should federal case law be used to interpret ORCP 67B.? (2) Has the Oregon Court of Appeals reached the same conclusion as the federal courts? (3) Does ORCP 67B. apply after all claims against all parties have been adjudicated? (4) Does ORCP 70A. require that every judgment be set forth in a single document?

*Federal Case Law Used to Interpret ORCP 67B.*

Although ORCP 70 is significantly different from its

counterpart, FRCP 58, ORCP 67B. is identical to FRCP 54(b).[5]

A version which is substantially similar to FRCP 54(b) was adopted by the Oregon Legislature in 1977 as Section 5 of Chapter 208 Oregon Laws. It was codified as ORS 18.125(1).[6] That version was later repealed in 1981 when the present ORCP 67B. was approved. Or Laws 1981, ch 898, § 53.

We have been unable to find any legislative history which is relevant specifically to ORCP 67B. concerning the issues in this case. However, in 1977, HB 2252, which became ORS 18.125(1), was sponsored by the Procedure and Practice Committee of the Oregon State Bar. William C. Martin, the secretary of that committee, testified that the purpose of the bill was to permit appeals prior to the final determination of the entire proceedings in actions involving multiple parties and multiple claims. In his prepared remarks Secretary Martin said:

> "Although Oregon has liberalized its joinder statutes, the Oregon Supreme Court has with a few minor exceptions consistently construed existing statutes to prevent an appeal prior to the completion of all proceedings in actions and suits involving multiple parties and multiple claims. This bill seeks to permit such appeals.
>
> "Federal Rule 54(b) addresses itself to this problem and with a history of 63 years of interpretation of similar rules in the Federal Court, Rule 54(b) should be very helpful if Oregon desires to adopt a procedure permitting appeals prior to final determination of the entire proceeding."

---

[5] For a table comparing the differences between FRCP 58 and ORCP 70 *see Gibson v. Benj. Franklin Fed. Savings and Loan, supra,* 294 Or at 707.

[6] *Former* ORS 18.125(1) provided:

"When more than one demand for relief is presented in a suit or action, whether as multiple causes of suit or action, counterclaims, cross-claims, or third-party actions or suits, or when multiple parties are involved, the court may direct the entry of a final judgment or decree as to one or more but fewer than all of the causes of suit or action or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment or decree. In the absence of such determination and direction, any order or other form of decision, however designed, which adjudicates fewer than all the causes of suit or action or the rights and liabilities of fewer than all the parties shall not terminate the proceeding as to any of the causes of suit or action or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment or decree adjudicating all the causes of suit or action and the rights and liabilities of all the parties."

Later, in a public hearing before the Senate Committee on the Judiciary, Secretary Martin testified:

"I personally drafted this bill. One thing about using a model, which is in the Federal Rules, is that you have a long history of interpretation. You are not trying to develop some brand new language which may be interpreted differently than everyone proposed it to be." Public Hearing April 28, 1977, Tape 33, Side Two.

ORCP 67B. was promulgated by the Council on Court Procedures in 1980 and submitted to the Legislative Assembly at the beginning of its 1981 session. The legislature proclaimed that it should become effective on January 1, 1982, and repealed former ORS 18.125(1) effective the same date. ORS 1.725. Or Laws 1981, ch 898. Merrill, Oregon Rules of Civil Procedure: 1984 Handbook 156.

When the Council on Court Procedures promulgated ORCP 67B. with the blessing of the Oregon Legislature its reasons must have been the same as those of the legislature in 1977 when it adopted former ORS 18.125(1). One of those reasons was that FRCP 54(b) had a long history of interpretation which would be tailor-made to determine the meaning of the newly enacted ORCP 67B. This reason is stronger when applied to ORCP 67B. than when applied to former ORS 18.125(1). The former statute was only substantially similar to FRCP 54(b) while ORCP 67B. is identical to the federal rule. We hold that when ORCP 67B. was adopted it was intended that the Oregon courts should follow the existing federal case law in interpreting the rule.

On the books at the time former ORS 18.125(1) and ORCP 67B. were adopted was the Fifth Circuit Court of Appeals case, *Jetco Electronic Industries, Inc. v. Gardiner,* 473 F2d 1228 (5th Cir 1973). As far as we can determine it is the leading case on the issue that is presented in our case. It was a federal diversity suit in the Southern District of Texas in which the plaintiffs sued three defendants for damages in connection with the alleged wrongful publication of test results obtained from treasure hunting devices manufactured by the plaintiffs. On March 10, 1972, the trial court granted the motion of one defendant, Engineering Testing Laboratories, Inc., (ETL), to dismiss for failure to state a cause of action and for failure to comply with the Texas long arm

statute. The plaintiff appealed from that "order." Several months later the trial court entered an agreed "judgment" disposing of the plaintiffs' claims against the other two defendants, Gardiner and Gardiner Electronics. On appeal the Circuit Court of Appeals said at page 1231:

"Before reaching the merits of this controversy, we must decide whether the district court's March 10, 1972, order dismissing appellants' suit against ETL is appealable. With several exceptions not relevant here, this Court's appellate jurisdiction extends only to final orders. 28 U.S.C. § 1291. In a multi-party lawsuit such as this one, an order is final only if it meets one or the other of two conditions: (1) it must adjudicate the claims or the rights and liabilities of all the parties, *or* (2) it must expressly determine that there is no just reason for delay and expressly direct the entry of judgment. Rule 54(b), F.R.Civ.P. The March order dismissing appellants' suit against ETL meets neither of these conditions: It said nothing about appellants' rights as against the other two defendants, Gardiner and Gardiner Electronics; and it contained nothing faintly resembling a Rule 54(b) certificate. That order is thus not a final judgment under Rule 54(b). *Johnson v. Hendrickson,* 5th Cir. 1972, 469 F.2d 694. Nor was the later order entering an agreed judgment disposing of appellants' claim against Gardiner and Gardiner Electronics a final judgment under Rule 54(b)—it contained no certificate, and it did not adjudicate appellants' rights as against ETL. Nevertheless, these two orders, considered together, terminated this litigation just as effectively as would have been the case had the district judge gone through the motions of entering a single order formally reciting the substance of the earlier two orders. Mindful of the Supreme Court's command that practical, not technical, considerations are to govern the application of principles of finality, *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964); *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), we decline appellee's invitation to exalt form over substance by dismissing this appeal. We hold that the March order dismissing appellants' suit against ETL is, under the circumstances of this case, within our jurisdiction. Therefore, we turn to the merits." (Emphasis in original.)

We have found cases that distinguish *Jetco Electronic Industries, Inc. v. Gardiner, supra,* but none which disagrees with it or attempts to criticize it. It has been specifically

followed in the 2nd, 3rd, 5th, 6th, 9th and 11th Circuits and the States of Alabama and Hawaii.[7]

In *Ryan v. Occidental Petroleum Corp.,* 577 F2d 298, 301, (5th Cir 1978), the 5th Circuit distinguished that case from *Jetco Electronic Industries, Inc. v. Gardiner, supra,* in the following language:

"In the absence of a Rule 54(b) certification and entry of judgment, we may not entertain appeals from partial dispositions or orders unless they fall within certain limited exceptions to the usual finality rule. These exceptions, as set out in our recent opinion in *Huckeby v. Frozen Food Express,* 555 F.2d 542 (5th Cir. 1977), authorize appeals without Rule 54(b) certification only where (1) the order is made appealable by statute or is certified under 28 U.S.C. § 1292(b); (2) the rulings of the Supreme Court or of this court permit appeal of 'an order, otherwise nonappealable, determining substantial rights of the parties *which will be irreparably lost if review is delayed until final judgment,' Huckeby,* 555 F.2d at 549, *quoting* (emphasis added) *United States v. Wood,* 295 F.2d at 778; or (3) the rule of *Jetco Electronics Industries, Inc. v. Gardiner,* 473 F.2d 1228, 1231 (5th Cir. 1973), authorizes an appeal from a series of orders which, considered together, terminate the litigation 'just as effectively as would have been the case had the district judge gone through the motions of entering a single order formally reciting the substance of the

---

[7] We recognize that *Jetco Electronic Industries, Inc. v. Gardiner, supra,* can be distinguished from this case and from *State ex rel Orbanco Real Estate Service Company v. Allen,* 301 Or 104, 720 P2d 365 (1986), on the status of the respective cases at the time the appeals were filed. In *Jetco* the appeal was taken by the plaintiff from an "order," which did not contain a FRCP 54(b) certification, while the case was still pending in the trial court against two defendants. In this case and in *Orbanco,* the appeal was taken after the last document was filed and after the rights and liabilities of all the parties had been determined. We hold that the distinction is immaterial in the context of this case and *Orbanco.* The federal court in *Jetco* held that "two orders, considered together, terminated" the litigation. The rule fits this case and *Orbanco.*

However, if in this case an appeal had been taken by the plaintiff from the June 25th document dismissing the complaint as to Stevens and Kugel without an ORCP 67B. certification then the posture of the case would be the same as *Jetco,* but the defendant trial judge may not have had jurisdiction to enter the September 8th document dismissing the action as to the remaining 14 defendants. ORS 19.033.

*City and County of Honolulu v. Midkiff,* 57 Hawaii 273, 554 P2d 133 (1976), comes the closest to fitting the procedure in this case and *Orbanco.*

*Gillis v. US Dept of H & H Services,* 759 F2d 565, 569 (6th Cir 1985), states that every federal circuit that has had occasion to address the question in *Jetco* has reached the same result.

earlier . . . . orders.' *See also Freeman v. Califano,* 574 F.2d 264 (5th Cir. 1978).

"\* \* \* \* \*

"Of crucial importance in *Jetco* is the fact that successive orders in that case, taken together, effectively terminated the entire litigation. That is not the case here." (Footnote omitted, emphasis in original.)

*Mesa Petroleum Co. v. Coniglio,* 629 F2d 1022, 1029 (5th Cir 1980), in footnote seven answered an issue similar to the one in our case.

"Actually, Mesa suggests that we lack jurisdiction over the entire appeal. Its reasoning is that the district court entered two orders, neither of which adjudicated all the claims of the parties, and neither of which was accompanied by Fed.R.Civ.P 54(b) certification. Of course, as a general rule, this court's appellate jurisdiction extends only to final orders. 28 U.S.C.A. § 1291. However, since the October 13th and December 26th orders had the combined effect of terminating the litigation, we believe our jurisdiction is safely established by the rule enunciated in *Jetco Electronics Industries, Inc. v. Gardiner,* 473 F.2d 1228 (5th Cir. 1973)."

The Supreme Court of Hawaii in *City and County of Honolulu v. Midkiff,* 57 Hawaii 273, 554 P2d 233 (1976), made the following comments about its Rule 54(b):

"Rule 54(b) renders nonfinal and nonappealable an order which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, in the absence of the trial court's express determination that there is no just reason for delay and its express direction for the entry of judgment. Such an order remains nonfinal and nonappealable until the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. When, as in the present case, the trial court's disposition of a case involving multiple claims or multiple parties is embodied in several orders, no one of which embraces the entire controversy but which collectively do so, it is a necessary inference from Rule 54(b) that the orders collectively constitute a final judgment and that entry of the last series of orders gives finality and appealability to all. *Jetco Electronic Industries v. Gardiner,* 473 F.2d 1228 (5th Cir. 1973).

"\* \* \* \* \*

"In the circumstances of this case no single order embraces all of the issues and parties, and the final judgment must be

viewed as a composite of the several orders which became final and appealable upon the entry of the judgment and order of condemnation on January 28, 1976."[8]

In addition to the above quoted cases see the following cases which follow or cite *Jetco Electronic Industries, Inc. v. Gardiner, supra,* with approval: *Gillis v. U.S. Dept of H & H Services,* 759 F2d 565, 569 (6th Cir 1985); *Cape May Greene, Inc. v. Warren,* 698 F2d 179, 185 (3rd Cir 1983); *Martin v. Campbell,* 692 F2d 112, 114 (11th Cir 1982), *DeMello v. Woolsey Marine Industries, Inc.,* 677 F2d 1030, 1033 (5th Cir 1982); *Pireno v. New York State Chiropractic Ass'n,* 650 F2d 387, 389 n 4 (2d Cir 1981); *Anderson v. Allstate Insurance Company,* 630 F2d 677, 680 (9th Cir 1980), *Tower v. Moss,* 625 F2d 1161, 1164 (5th Cir 1980), *Oswalt v. Scripto, Inc.,* 616 F2d 191, 194 (5th Cir 1980), *Morton v. Chrysler Motors Corp.,* 353 So2d 505, 507 (Ala 1977); *Fredricks v. Foltz,* 221 Kan 28, 557 P2d 1252, 1256 (1976).

*The Oregon Court of Appeals Has Reached the Same Result as the Federal Cases.*

The Oregon Court of Appeals, without referring to any federal cases, has reached the same result as the *Jetco Electronic Industries, Inc. v. Gardiner, supra,* line of cases.

In *Jones v. Tri-State Realty,* 46 Or App 159, 161, 611 P2d 312 (1980), that court held:

"* * * There is no requirement, for appealability, that the several judgments respecting the various parties be summarized in a single judgment order. What is required is that the cause be determined as to all parties or that the requirements of ORS 18.125 be met as to a judgment for fewer than all the parties."

In *Barker v. Parker,* 63 Or App 21, 23 n 1, 662 P2d 779, *rev den* 295 Or 617, 670 P2d 1033 (1983), the same court held:

"* * * The order from which plaintiff now appeals is the

---

[8] In *City and County of Honolulu v. Midkiff, supra,* one of the statements in the Syllabus by the Court is as follows:

"Where disposition of a case involving multiple claims or multiple parties is embodied in several orders, no one of which embraces the entire controversy but which collectively do so, the date of entry of the last of the series of orders is the date of entry of final judgment for the purpose of determining the timeliness of an appeal. Rules 54(b) and 73(a). H.R.C.P."

order dismissing the counterclaim. That order does not *in itself* dispose of all issues in the case and does not affect plaintiff adversely. However, that order and the order allowing summary judgment against plaintiff on his foreclosure claim, when read together, adjudicate all issues in the case. We conclude that the order dismissing the counterclaim implicitly incorporates the other order that is a necessary component of the trial court's final judgment." (Emphasis in original).

*See also Kerstad v. Warren,* 73 Or App 387, 698 P2d 1033 (1985); *Alair Aviation v. Campbell,* 58 Or App 409, 411, 648 P2d 1339 (1982).

■ We approve of the Oregon Court of Appeals cases which hold that a final judgment need not be embodied in a single document.

*ORCP 67B. Does Not Apply After All Claims Against All Parties Have Been Adjudicated.*

When William C. Martin, the secretary to the Oregon State Bar committee which sponsored HB 2252 in 1977, appeared before the legislature he stated only that the proposed legislation would permit appeals "prior to the completion of all proceedings in actions and suits involving multiple claims and multiple parties."

The federal cases have been more specific as to the purpose of FRCP 54(b). In *Gaetano Marzotto & Figli, S.P.A. v. G.A. Vedovi & Co.,* 28 FRD. 320, 323 (1961), the court said:

"The primary purpose of the adoption of amended Rule 54 (b) was to make a reasonable accommodation between the 'basic and the persisting policy against piecemeal appeals' in the federal court system and 'those problems of the timing of review which have been accentuated by the liberalized joinder of claims, counterclaims, cross-claims and third party claims in one law suit, as permitted and encouraged by the present Rules of Civil Procedure'. *Panichella v. Pennsylvania R. R. Co.,* 3 Cir., 252 F.2d 452, 454."

*See also Makuc v. American Honda Motor Co., Inc.,* 692 F2d 172, 173, (1st Cir 1982); *Allis-Chalmers Corp. v. Philadelphia Electric Co.,* 521 F2d 360, 363 (3rd Cir 1975); *In re Bromley-Heath Modernization Committee,* 448 F2d 1271 (1st Cir 1971).

A portion of *Jetco Electronic Industries, Inc. v. Gardiner, supra,* is worth repeating:

> "In a multi-party lawsuit such as this one, an order is final only if it meets one or the other of two conditions: (1) *it must adjudicate the claims or the rights and liabilities of all of the parties, or* (2) it must expressly determine that there is no just reason for delay and expressly direct the entry of judgment. Rule 54(b), F.R.Civ.P." 473 F2d at 1231. (The disjunctive "or" is emphasized in the original; other emphasis added.)

*See also Oswalt v. Scripto, Inc.,* 616 F2d 191, 194 (5th Cir 1980), *Huckeby v. Frozen Food Exp.,* 555 F2d 542, 545 (5th Cir 1977).[9]

The Alabama Supreme Court in *Morton v. Chrysler Motors Corp., supra,* 353 So2d at 507 commented:

> "As noted by the appellees, this result is in accord with several federal cases which have held that Rule 54(b) of the Federal Rules of Civil Procedure has no application to a judgment once all claims against all parties have been adjudicated. *Jetco Electronic Industries, Inc. v. Gardiner,* 473 F.2d 1228 (5th Cir. 1973); *Johnston v. Cartwright,* 344 F.2d 773 (8th Cir. 1965); *Marotta v. Milestone,* 114 U.S.App.D.C. 237, 314 F2d 242 (1963); *Lundgren v. Freeman,* 292 F.2d 489 (9th Cir. 1961)."

■ We hold that the primary purpose of ORCP 67B. is to allow piecemeal appeals under certain express conditions when an action involves multiple parties or multiple claims.

■ When a judgment was entered for Stevens and Kugel on June 25th there was no express determination that there was no just reason for delay and no express determination for entry of judgment. The case was still pending against the other 14 defendants. At that point the relator could not have appealed; there was no final judgment. The judgment of June 25th was "subject to revision." On September 8th, when the

---

[9] A recent Second Circuit case, *Ellender v. Schweiker,* 781 F2d 314, 318 (2nd Cir 1985), makes the following comment about FRCP Rule 54(b):

> "The Rule has no application to an order that finally disposes of the last remaining issue in the case and that is expressly intended by the court to close the case. *See 6 Moore's Federal Practice* ¶ 54.27[3], at 334 (2d ed. 1985) ('[T]he Rule does not contemplate a certificate when the district court had adjudicated *all* the claims....') (emphasis in original); *id.* ¶ 54.34[1], at 522-23 ('When the court has fully adjudicated all of the claims no certificate is necessary to make that adjudication final.')."

trial court signed a judgment in favor of the other 14 defendants, it did not revise the June 25th document. At that point there had been an adjudication of the claims or rights and liabilities of all the parties, and ORCP 67B. no longer applied. After the entry of the September 8th document, the trial court could only have changed its judgment in favor of Stevens and Kugel by the normal post-judgment procedure. ORCP 71. Under the *Jetco Electronic* line of cases the final judgment was a combination of the June 25th and September 8th documents considered together. The appeal time would commence to run on the entry of the September 8th document on September 15th. *City and County of Honolulu v. Midkiff, supra.*

*ORCP 70A. Does Not Require That Every Judgment Be Set Forth in a Single Document*

FRCP 58 provides: "Every judgment shall be set forth on a separate document." ORCP 70A. provides: "Every judgment shall be * * * set forth in a separate document."

The Oregon Council on Court Procedures, in its Staff Comment, states that ORCP 70A. follows the approach of FRCP 58 and "is designed to avoid any question whether a written opinion or order of a court is or is not a judgment." Merrill, Oregon Rules of Civil Procedure: 1984 Handbook 166.

In *State National Bank of El Paso v. United States,* 488 F2d 890, 892 (5th Cir 1974) the court said:

> "We have every reason to believe that a mechanical application of Rule 58 requires district judges to enter their judgments in one document and opinions in another. In its note following the proposed (1963) amendment to Rule 58 the Advisory Committee on Civil Rules described problems caused by parties' inability to tell that a judgment has been entered and assessed the amendment's contribution.
>
> "The amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate document—*distinct from any opinion or memorandum*—which provides the basis for the entry of judgment. (Emphasis supplied.)
>
> "Judicial Conference of the United States, Report of Proposed Amendments to Certain Rules of Civil Procedure for the United States District Courts, 31 F.R.D. 621, 650 (1962). Likewise Professor Moore interprets 'separate document' to mean '*separate from* an opinion or memorandum of

the court.' 6A Moore's Federal Practice [paragraph] 58.01 [1.—2] at 58-14. *See* 11 C. Wright and A. Miller, Federal Practice and Procedure § 2785 at 14." (Emphasis added.)

It seems that it would have been a simple matter for the Oregon Council on Court Procedures or the Legislative Assembly to have made provision that every judgment be set forth in a single document if that was their desire. The first sentence of 70A. could have been changed to read: "Every judgment shall be * * * set forth in a separate *single* document."

It is interesting to note that every case in the *Jetco Electronics* line of cases "added," "combined" or "construed together" two or more documents to make a final judgment. As far as we can tell in none of those cases did any party raise the single document issue. None of those cases mention a "super judgment."

The relator argues that the final judgment should be a single document[10] because if two or more documents are considered together, a trap is laid for the unwary. He demonstrates his point by saying that if in the underlying Multnomah County case one of the additional defendants, Stevens for example, had asked for and been denied affirmative relief and desired to appeal, he would not know when the final judgment was entered. ORCP 70B.(1) answers the relator's argument. That rule in part reads as follows: "The clerk shall on the date judgment is entered, mail a notice of the date of entry of judgment to the attorneys of record * * * of

---

[10] To require that the final appealable judgment be a single document is the equivalent of adopting a "super judgment" rule—in other words, a rule that would require the last or final judgment to bring forward or recite all of the previous documents which purported to enter a judgment for less than all claims or parties in the action. We find nothing in the Rules of Civil Procedure that requires or contemplates such a "super judgment." *Jetco Electronic Industries, Inc. v. Gardiner, supra,* answered the "super judgment" argument directly: "Nevertheless, these two orders, considered together, terminated this litigation just as effectively as would have been the case had the district judge gone through the motions of entering a single order formally reciting the substance of the earlier two orders." 473 F2d at 1231.

However, in certain complicated cases the careful practitioner might be well advised to prepare for the trial court a detailed and comprehensive final judgment reciting the court's prior disposition of claims and dismissal of parties to assure that each party and each claim is accounted for in some part of the action.

each party who is not in default for failure to appear."[11] We remind the relator that it was not the Rules of Civil Procedure but ORS 19.023(2)(a), note 2, *supra,* which bit him.

By way of summary, we hold that two or more documents, when considered together, may constitute a final judgment if they adjudicate every claim presented and determine the rights and liabilities of each party. To reach this conclusion we have held that the federal case law which was in existence when ORCP 67B. was adopted should be used to interpret it. We have also held that ORCP 67B. does not apply after all claims against all parties have been determined, and that ORCP 70A. does not require that every judgment be set forth in a single document.

We agree with the following statement in *Jetco Electronics Industries, Inc. v. Gardiner, supra:* "Mindful of the Supreme Court's command that practical, not technical, considerations are to govern the application of principles of finality, *Gillespie v. United States Steel Corp.,* 379 US 148, 85 S Ct, 308, 13 LEd 2d 199 (1964), * * * we decline appellee's invitation to exalt form over substance * * *." 473 F2d at 1231. In the same vein, ORCP 1B. provides: "These rules shall be construed to secure the just, speedy, and inexpensive determination of every action."

The alternative writ is dismissed.

**LENT, J.,** dissenting.[1]

I agree with the majority that the document dated September 8, 1982, "does not comply with one of the requirements for a judgment set out in ORCP 70A.," 301 Or at 87, and so cannot be considered to be a judgment in itself. I disagree with the majority that because another document had been signed on June 25, 1982, the inadequacy of the September 8, 1982, document was somehow cured.

---

[11] The lawyers for Stevens and Kugel filed affidavits stating that the clerk, in accordance with ORCP 70B.(1), had mailed them a notice of the "JUDGMENT" dated September 8, 1982, and entered on September 15, 1982.

[1] This may not be a true dissent. The majority's decision makes it unnecessary for the majority to consider defendant's affirmative defenses. Had I been able to convince the court of my position here, the affirmative defenses would have to be addressed. I shall not address them, but it is possible that if they have merit, this separate opinion would be an opinion concurring in the result.

I suppose that it is somewhat tautological to state that the term "every judgment" includes a "final judgment." If that statement is incorrect, its want of the quality of correctness is not immediately apparent to me. I proceed on the assumption that the statement is correct.

As I have noted at the outset of this opinion, the majority recognizes that the September 8 document, standing alone, does not meet the requirements of ORCP 70A. for form of a judgment. The rule provides in pertinent part:

"Every judgment shall be * * * set forth in *a* separate document." (Emphasis added.)

The majority says this does not mean a "single" document because if that is what the legislature meant, it would have said "a separate *single* document." 301 Or at 97. Until now I had always believed that "a" piece of pie meant one piece of pie. Apparently the majority believes that is so only if it is described as "a single" piece of pie. Thus, I submit, the two documents can no more meet the requirements of ORCP 70A. for form of "[e]very judgment" than can the document of September 8 by reason of its flaws in other respects required by the rule.

The majority holds that ORCP does not require a final judgment to be in a single document. That holding is simply inaccurate unless the term "[e]very judgment" does not include a "final judgment."[2] I can find absolutely nothing in the rules that would exclude a final judgment from the all-inclusive words used in ORCP 70A.

Aside from the matter of form, to which ORCP 70A. speaks, however, I believe that in a case involving multiple parties or multiple claims, or both thereof, ORCP 67 requires

---

[2]Two or more documents collectively may be "separate" in the sense of covering "distinct" matters "dissimilar in nature or identity" from those addressed by all other documents in the case. *See* Webster's Third New International Dictionary 2069 (1971). They may thereby satisfy the concern that the matters required to be addressed in a judgment be stated separately rather than intermingled with other matters in orders, memoranda and opinions. However, if no single document sets forth all the matters required to constitute a judgment, there exists no "separate document," ORCP 70A., which "existing by itself, * * * independent[ly]," Webster's, *supra,* at 2069, satisfies the equally-important concern that there be an identifiable document upon which parties can rely as a "final determination" of a clearly-defined portion of the case. *See* ORCP 67A.

a result different than that reached by the majority. I now turn to that rule.

ORCP 67A. contains definitions. The first clause of the first sentence provides:

> " 'Judgment' as used in these rules is the final determination of *the* rights of *the* parties in an action;" (Emphasis added.)

At first blush, it would appear to me that the separate document required by ORCP 70A. would have to determine all of the rights of all of the parties to an action. After all, the definition does not speak to "some" of the rights or to "some" of the parties. I conclude, however, that my first impression cannot be correct because ORCP 67B. clearly contemplates that there may be more than one judgment in an action if the action involves multiple parties or multiple claims, or both thereof. (I shall reach ORCP 67B. shortly.) It follows that the clause defines judgment to be the final determination of one or more rights of one or more parties.

The second clause of the first sentence provides:

> "judgment includes a decree and a final judgment entered pursuant to section B. or G. of this rule."

The clause tells us that judgment includes a decree. The comment by the Council on Court Procedures tells us that "the reference to decree is probably unnecessary but is included here for clarity" because ORCP 1 and 2 provide for but one form of civil action, whether it would have been before the adoption of the rules either an action at law or a suit in equity.

Why the clause then states that judgment includes a final judgment entered pursuant to section B. or G. of the rule is not mentioned in the comment by the Council. I believe that with respect to section B. it was perhaps because the Council was charged with revising *procedure* without making changes in substantive law and out of an excess of caution repeated the language of former ORS 18.010.[3] Section G. of the rule is set

---

[3] ORS 18.010 was repealed with the adoption of ORCP 67 but formerly provided:

"(1) A final judgment shall include both the final determination of the rights of the parties in an action or special proceeding as well as a final judgment entered

forth in the margin.[4] The text of the clause is puzzling as to section B., but perhaps that is a result of the conclusion that I draw that ORCP 67B. concerns two kinds of final judgments, as I shall shortly discuss.

The second sentence of ORCP 67A. obviously comes from former ORS 18.010(2). *See* footnote 3, *supra*. It would seem to implicate both ORCP 67B. and 14A.[5]

I now come to ORCP 67B., which provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

The section contemplates two kinds of final judgments. One is called "final judgment"; the other is not. The rule allows the entry of a "final judgment" as to fewer than all parties or all claims only if the court expressly determines that there is no just reason for delay and "upon express direction for the entry

---

pursuant to ORS 18.125.

"(2) Other determinations in an action that are intermediate in nature are called orders."

Former ORS 18.125(1) became present ORCP 67B.

[4]ORCP 67G. provides:

"The court may direct entry of a final judgment as to that portion of any claim which exceeds a counterclaim asserted by the party or parties against whom the judgment is entered, if such party or parties have admitted the claim and asserted a counterclaim amounting to less than the claim."

I see nothing pertinent to this discussion involving section G. and shall not address it further.

[5]ORCP 14A. provides in pertinent part:

"An application for an order is a motion. * * *"

of judgment."[6] The section describes another judgment without calling it final. That is the judgment "adjudicating all of the claims and the rights and liabilities of all the parties." Although that judgment is not called final by the rule, it must be deemed final in the ordinary sense of that word, for it ends the litigation in the trial court except for post-judgment practice.

In the instant case, the record is bare of any express direction of entry of the June 25 document and is likewise bare of an express determination that there was no just reason for delay. As the majority acknowledges, that document cannot be a "final judgment" as that term is used in the text of ORCP 67B. That document, despite its designation as a judgment, did not terminate the action as to any of the claims or parties, even as to Stevens and Kugel; rather, it merely had the effect of an order. *May v. Josephine Memorial Hospital,* 297 Or 525, 686 P2d 1015 (1984).

Nor did that document qualify as the other type of final judgment contemplated by ORCP 67B., which adjudicates *"all the claims* and the rights and liabilities of *all the parties."* (Emphasis added.) As the majority acknowledges, the document of September 8 did not do that because it fails, standing alone, to mention either Stevens or Kugel in the caption or the body of the document and therefore does not follow the command of ORCP 70A. to "specify clearly the party or parties in whose favor it is given and against whom it is given."

The meagre legislative history that led to the adoption of former ORS 18.125 makes it clear that the drafter wanted to allow for appeals of some judgments prior to final determination of all claims and all parties. According to the legislative testimony quoted by the majority, that was the aim of the Bar's Procedure and Practice Committee. Although the majority states that the Council on Court Procedures must have had the same reasons for adopting ORCP 67B., unaccountably the majority goes on to hold that the drafters must have intended to adopt for Oregon a procedure that may work

---

[6]Why the drafter dropped the adjective "final" at this point is something I cannot explain.

in federal practice but presents problems in our law because of ORS 19.033. *See* majority footnote 7.

I do not assert that every case involving multiple parties or multiple claims, or both thereof, ends with but a single document denominated judgment. As I have pointed out, there may be several "final judgments" in a case if those that dispose of fewer than all claims and all parties have the necessary express determinations and directions described in ORCP 67B. If there is not at least one document that meets the test of a "final judgment" on its own, however, there must under the Oregon Rules of Civil Procedure be a judgment of the second type "adjudicating all the claims and the rights and liabilities of all the parties." ORCP 67B. Moreover, that judgment must be labeled as a judgment "*and* set forth in *a* separate document." (Emphasis added.) ORCP 70A.

There was no "final judgment" in the case at bar for Stevens and Kugel by the document of June 25th; there was no separate document adjudicating all the claims and the rights and liabilities of all the parties ever entered in this case. In short, there was neither the first kind of final judgment permitted by ORCP 67B. nor the second kind.[7]

Carson, J., joins in this dissenting opinion.

---

[7]It has been suggested that a party against whom a judgment by default has been taken has suffered final judgment. This is explicitly not so. ORCP 69C. provides in pertinent part:

"In all cases a judgment by default is subject to the provisions of Rule 67B."

No plaintiff, third party plaintiff, cross-claimant or counterclaimant should lose sight of the fact that unless there is the express determination and direction described in ORCP 67B., there is no final judgment just because it is taken after an order of default.