CITY AND COUNTY OF HONOLULU, a municipal corporation, Plaintiff-Appellee *v.* FRANK ELBERT MIDKIFF, et al., Defendants-Appellees, and ROBERT H. SNYDER, Defendant-Appellant, and JOHN J. STANFORD, et al., Intervenors

NO. 6161

SEPTEMBER 21, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

*Per Curiam.* Appellees have moved to dismiss this appeal, asserting that it was taken from interlocutory orders which were not appealable. We hold that the appeal is before us on a timely and sufficient notice of appeal.

This action was brought by the City and County of Honolulu (City) against the trustees of the Bernice P. Bishop Estate (Trustees) and Appellant to condemn a parcel of land which was owned by the Trustees and leased to Appellant. Appellant's answer asserted that the City had failed to follow General Plan amendment procedures and asked that the proceeding be dismissed, or in the alternative that Appellant be compensated for his leasehold interest. Appellant cross-claimed against the Trustees for relief from the provisions relating to condemnation in the lease agreement and for reimbursement of lease premiums together with the value of Appellant's rights in the parcel. An "Order Granting Motion

for Summary Judgment and Summary Judgment'' against Appellant in favor of the Trustees was entered on December 3, 1975, declaring that the rights of Appellant to share in any condemnation award were to be determined pursuant to the lease agreement. An "Order Granting Motion for Summary Judgment'' against Appellant in favor of the City was entered on December 9, 1975, determining that the City could proceed with the condemnation under existing zoning and dismissing all claims of Appellant against the City for damages and compensation. Appellant moved for reconsideration of the last mentioned order. On December 30, 1975, Appellant filed a notice of appeal "from the Order and Final Judgment entered in these actions on December 3, 1975''. On January 21, 1976, an "Order on Motion for Reconsideration'' was entered determining, as an alternative to the determination expressed in the order of December 9, 1975, that the City had complied with the requirements for amendment of the General Plan, and denying Appellant's motion for reconsideration of the December 9 order. On January 28, 1976, a "Stipulated Judgment'' was entered pursuant to the consent of the City and the Trustees, determining that the Trustees were the owners of the parcel and that the total just compensation had been deposited by the City and withdrawn by the Trustees, and condemning the parcel. A "Final Order of Condemnation'' was entered on January 28, 1976. Thereafter, on February 18, 1976, Appellant filed a notice of appeal "from the Order and Final Judgment entered in these actions on January 21, 1976.''

The City and the Trustees have separately moved to dismiss the appeal, asserting that Appellant has appealed only from the orders of December 3, 1975 and January 21, 1976, neither of which was final and appealable under Rule 54(b), H.R.C.P., and that no appeal was taken from the judgment and order of condemnation entered January 28, 1976, by which the case was finally disposed of.

Rule 54(b) renders nonfinal and nonappealable an order which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, in the absence of the

trial court's express determination that there is no just reason for delay and its express direction for the entry of judgment. Such an order remains nonfinal and nonappealable until the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. When, as in the present case, the trial court's disposition of a case involving multiple claims or multiple parties is embodied in several orders, no one of which embraces the entire controversy but which collectively do so, it is a necessary inference from Rule 54(b) that the orders collectively constitute a final judgment and that entry of the last of the series of orders gives finality and appealability to all. *Jetco Electronic Industries v. Gardiner,* 473 F.2d 1228 (5th Cir. 1973). The question might then be presented whether notices of appeal, filed prematurely from earlier orders prior to the entry of the final order, must be refiled within the appeal period after entry of the final order in order to perfect the appeal. Under the facts of this case we do not reach this question.

The notice of appeal filed by Appellant on February 18, 1976 was a timely notice if sufficient in form, since the filing date fell within the period of thirty days following the entry of the judgment which finally disposed of the then remaining issues and parties. Rule 73(b), H.R.C.P., requires that the notice of appeal shall designate the judgment or part thereof appealed from. Appellant designated "the Order and Final Judgment entered in these actions on January 21, 1976". Had no date been specified, the notice would most easily have been read as designating the judgment entered on January 28, 1976, which gave finality to the trial court's disposition of the action. The date which Appellant inserted in the notice creates an ambiguity, since the order entered on January 21, 1976 disposed only of a motion for reconsideration.

We have held that the requirement that the notice of appeal designate the judgment or part thereof appealed from is not jurisdictional. *Yoshizaki v. Hilo Hospital,* 50 Haw. 1, 2, 427 P.2d 845, 846 (1967); *Credit Associates v. Montilliano,* 51 Haw. 325, 328, 460 P.2d 762, 764 (1969). Professor Moore states that "a mistake in designating the judgment, or in

designating the part appealed from if only a part is designated, should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake." 9 MOORE'S FEDERAL PRACTICE ¶ 203.18 (1975). In the circumstances of this case no single order embraces all of the issues and parties, and the final judgment must be viewed as a composite of the several orders which became final and appealable upon the entry of the judgment and order of condemnation on January 28, 1976. The notice of appeal filed by appellant on February 18, 1976 fairly infers an intent to appeal from that composite of orders. There is no showing of any misleading of the other parties to their detriment. We conclude that we should disregard the date by which the judgment appealed from is designated in the notice of appeal. The notice is sufficient in form and timely filed to bring the appeal before us.

The motions to dismiss are denied. Appellant shall file an opening brief within 60 days from the date of this opinion.

*Samuel P. King, Jr.*, Deputy Corporation Counsel, for Plaintiff-Appellee, for the motion.

*Robert Bruce Graham, Jr. (Hamilton, Gibson, Nickelsen, Rush & Moore* of counsel), for Defendants-Appellees, for the motion.

*Carl Tom* for Defendant-Appellant, contra.