N()T FOR P[TBLICA'I`.ION !N VVES'I"S HAWAI‘I R_EI’ORTS AND PACII"!MC RFP()RTER

NO. 3G07l

IN THE INTERMEDIATE C'OURT OF APPEALS

OF THE STATE OF HAWAI‘I

MANEX rUM0s,gP1aintlff-App@11ant, v.
sTATE or HAwAF:, ReSp@ndent~Appe11se

 

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCII>IVT *:f§:‘

(S.P.P. NO. 09-1~0032; CR NO. 07~1-166) §f.:.:¢`.u‘

ORDER DISMISSING APPEAL
FOR LACK OF APPELLATE JURISDIC'I‘ION
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Upon review of the record, it appears that we lack
jurisdiction over the appeal that Petitioner-Appellant Manex
Kumos (Appellant Kumos) has asserted from the Honorable Karen S.
S. Ahn's August 18, 2009 "Findings of Fact, Conclusions of Law,
and Order Denying Petitioner's Motion to Set Aside No Contest
Pleas and Judgment Pursuant to Rule 40 of the Hawaii Rules of
Penal Procedure; Notice of Entry" (the August 18, 2009 order)
because the appeal is untimely under Rule 4(b) of the HaWaiU_
Rules of Appellate Procedure (HRAP).

"The right of appeal in a criminal case is purely
statutory and exists only when given by some constitutional or
statutory provision." State v. Poohina, 97 HawaFi 505, 509, 40
P.3d 907, 911 (2002) (citation and internal quotation marks
omitted). "In a circuit court criminal case, a defendant may
appeal from the judgment of the circuit court, see HRS § 641~11
(1993), from a certified interlocutory order, §§§ HRS § 641-17
(1993), or from an interlocutory order denying a motion to
dismiss based on double jeopardy." State v. Kealaiki, 95 Hawafi

309, 312, 22 P.3d 588, 591 (2001) (citation omitted). Therefore,

N()T F()'l{ PUBL'I'(§ATION IN WES"E‘S HAWAI‘I REPOR'I,`S AND PACIFIC REPORTER
pursuant to HawaFi Revised Statutes (HRS) § 641-11 {Supp. 2008)
and "HRPP [Rule] 40(h), appeals from proceedings for post~
conviction relief may be made from a judgment entered in the
proceeding and must be taken in accordance with Rule 4(b) of the
Hawaid,Rules of Appellate Procedure (HRAP)." Grattafiori v.
s__x;_a_r_;_e_, 79 Hawai‘i 10, 13, 397 1;>.2<;1 937, 940 <1995) <:Lnterna»i
quotation marks and brackets omitted). The supreme court does
not apply the separate document rule (see Jenkins v. Cades
Schutte Fleming & Wright, 76 HawaiYi 115, 869 P.2d 1334 (1994)}
to special proceedings for motions for post-conviction relief
pursuant to HRPP Rule 40. The August 18, 2009 order resolved all
of the issues in Appellant Kumos's July 21, 2009 HRPP Rule 40
petition for post~conviction relief by denying all of the relief
for which Appellant Kumos prayed, leaving nothing further to be
accomplished. Therefore, the August 18, 2009 order is an
appealable final order pursuant to HRS § 641-11 and HRPP
Rule 40(11) .

Although Appellant Kumos‘s September 23, 2009 notice of

appeal purports to assert an appeal from a September 2, 2009
minute order announcing the circuit court's intent to deny
Appellant Kumos's August 28, 2009 motion to reconsider the

August 18, 2009 order, "a minute order is gQ; an appealable
order." Abrams v. Cades, Schutte, Fleming & Wriqht, 88 HawaiU_
319, 321 n.3, 966 P.2d 63l, 633 n.3 (1998) (emphasis added).
Therefore, the September 2, 2009 minute order is not an
appealable order. we note that the record on appeal does not a
written order that disposes of Appellant Kumos's August 28, 2009

motion to reconsider the August 18, 2009 order. The only

..2_

NOT FOR PUBL‘ICATI()N I.N WEST'S HcA\"\/z\l"’li REPORTS ANI) PACI.FIC REP()RTER

appealable order in the record on appeal is the August l8, 2009
order. Although Appe1lant Kumos’s September 23, 2009 notice of
appeal mistakenly designates the September 2, 2009 minute order
rather than the August 18, 2009 order as the order that Appellant
Kumos is appealing, "[a]n appeal shall not be dismissed for
informality of form or title of the notice of appeal." HRAP
Rule 3(c)(2) (emphasis added). Consequently, "a mistake in
designating the judgment . . . should not result in [the] loss of
the appeal as long as the intention to appeal from a specific
judgment can be fairly inferred from the notice and the appellee
is not misled by the mistake." State v. Graybeard, 93 HawaiH
5l3, 516, 6 P.3d 385, 388 (App. 2000) (internal quotation marks
@mitted> (quoting city & county v. Midkiff, 57 Haw. 273, 275-76,
554 P.2d 233, 235 (1976) (quoting 9 Moore's Federa1 Practice

§ 203.18 (1975))); CitV & County v. Midkiff, 57 Haw. 273, 275-76,
554 P.2d 233, 235 (1976); Ek v. B0ggs, 102 HaWafi 289, 294, 75
P.3d 1180, 1185 (2003); In re Brandon, 113 HawaiU.154, 155, 149
P.3d 806, 807 (App. 2006). Therefore, Appel1ant Kumos's
September 23, 2009 notice of appeal applies to the appealable
August 18, 2009 order rather than the unappealable September 2,
2009 minute order.

"[P]ursuant to HRAP Rule 4(b), an appeal from an order
denying post-conviction relief must either be filed within thirty
days after the entry of the order denying the HRPP Rule 40
petition or, in the a1ternative, after the announcement but
before the entry of the order." Grattafiori v. State, 79 HawaiH
at 13, 897 P.2d at 940. Appellant Kumos did not file the
September 23, 2009 notice of appeal within thirty days after

entry of the August 18, 2009 order denying Appe11ant Kumos's HRPP

_3_

NOT F()R PU.BLICATION '[N WEST'S HAW'AI‘I REPO.'RTS A_Nl) PACIFIC REI’ORTE.R
Rule 40 petition for post~conviction relief, as HRAP Rule 4ib)(l)
requires. Appellant Kumos‘s August l8, 2009 motion for
reconsideration of the August l8, 2009 order did not extend the
time period for filing a notice of appeal pursuant to HRAP
Rule 4(b)(2), because Appellant Kumos's August 18, 2009 motion
for reconsideration was neither a motion in arrest of judgment
under HRPP Rule 34 nor a motion for a new trial under HRPP
Rule 33. Therefore, Appellant Kumos's September 23, 2009 notice
of appeal from the August l8, 2009 order is nQ; timely.

"As a general rule, compliance with the requirement of
the timely filing of a notice of appeal is jurisdictional,
and we must dismiss an appeal on our motion if we lack
jurisdiction." Grattafiori v. State, 79 Hawafi at l3, 897 P.2d
at 940 (citations, internal quotation marks, and brackets
omitted); HRAP Rule 26(b) ("[N]o court or judge or justice is
authorized to change the jurisdictional requirements contained in
Rule 4 of these rules.“). Accordingly,

1T lS HEREBY ORDERED that appellate court case number

30071 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, HawaiUq F€brUarY ll/2OlO.

Chief Judge

 

,_..

/),z/ ',

v

 

associate Iudge
f

.¢

._4_;