***NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER***

Electronically Filed
Supreme Court
SCWC-10-0000032
28-MAR-2012
08:19 AM

NO. SCWC-10-0000032

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

JACQUELINE TAMMAN, Respondent/Plaintiff-Appellee,

vs.

SAMI TAMMAN, Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(ICA NO. CAAP-10-0000032; FC-D NO. 07-1-1120)

SUMMARY DISPOSITION ORDER
(By:  Recktenwald, C.J., Nakayama, Acoba, and Duffy, JJ.,
 and Circuit Judge Kim, in place of McKenna, J., recused)

Petitioner/defendant-appellant Sami Tamman (Sami)

timely petitioned this court for a writ of certiorari to review

the December 15, 2011 judgment entered by the Intermediate Court

of Appeals (ICA) pursuant to the ICA's November 29, 2011 Summary

Disposition Order (SDO).  See Tamman v. Tamman, No. CAAP-10-

0000032, 2011 WL 5926186 (App. Nov. 29, 2011) (SDO).  The ICA's

judgment affirmed the Family Court of the First Circuit's (family

court) September 7, 2010 Order Regarding Motion for

Reconsideration of Order Entered on July 8, 2010 or in the

Alternative Motion for New Trial and/or Reopening of the Hearing (Order Regarding Motion for Reconsideration).[1]

In his application, Sami raises the following questions:

> A. Did the [ICA] err in finding that the appeal before it was limited to an appeal of the denial of [Sami's] Motion for Reconsideration filed in July 2010 and decided by Order Regarding Motion for Reconsideration filed September 7, 2010?
>
> B. Did the ICA err in failing to address the underlying issue of whether the Hawaii Courts have jurisdiction to hear this case?

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we conclude that the ICA erred when it limited its review to only the Order Regarding Motion for Reconsideration.

The instant case involves a divorce action between Sami and respondent/plaintiff-appellee Jacqueline Tamman (Jacqueline). On July 8, 2010, the family court issued its Findings of Fact and Conclusions of Law (FOFs/COLs), as well as its Order Granting Custody, Visitation, and Support.

On July 19, 2010, Sami timely filed a Motion for Reconsideration of Order Entered on July 8, 2010 or in the Alternative for New Trial and/or Reopening of the Hearing. On September 7, 2010, the family court denied, in substantial part,

---

[1] The Honorable Sabrina S. McKenna presided over the trial in this case and entered the Order Regarding Motion for Reconsideration and the July 8, 2010 orders discussed infra.

-2-

Sami's motion for reconsideration.

On September 30, 2010, Sami filed his notice of appeal and attached the family court's Order Regarding Motion for Reconsideration. On November 1, 2010, Sami filed his Civil Appeal Docketing Statement (CADS), to which he attached the following three documents: (1) the Order Regarding Motion for Reconsideration; (2) the July 8, 2010 FOFs/COLs; and (3) the July 8, 2010 Order Granting Custody, Visitation and Support. Under the section on "anticipated issues proposed to be raised on appeal[,]" Sami listed various issues relating to the July 8, 2010 orders. On December 1, 2010, Sami filed his Jurisdictional Statement (JS) and attached the three aforementioned documents.

On February 2, 2011, Sami filed his opening brief. In his opening brief, Sami raised nineteen points of error, which raised issues regarding personal and subject matter jurisdiction; the family court's July 8, 2010 FOFs/COLs; and the July 8, 2010 Order Granting Custody, Visitation and Support.

On May 13, 2011, Jacqueline filed her answering brief. Jacqueline argued, inter alia, that the ICA should limit its review to the Order Regarding Motion for Reconsideration because that was the only order Sami filed with his notice of appeal. In the alternative, Jacqueline maintained that Sami's arguments that challenged the family court's jurisdiction, FOFs/COLs, and Order Regarding Visitation, Custody, and Support lacked merit.

On November 29, 2011, the ICA issued its SDO affirming the family court's Order Regarding Motion for Reconsideration. Tamman, 2011 WL 5926186, at *1. Citing Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 3(c)(2) and Ek v. Boggs, 102 Hawaiʻi 289, 75 P.3d 1180 (2003), the ICA declined to address points of error that extended beyond Sami's Order Regarding Motion for Reconsideration. Tamman, 2011 WL 5926186, at *1. The ICA then concluded that the "family court did not abuse its discretion when it denied, in substantial part, Sami's Motion for Reconsideration." Id. at *2. Accordingly, the ICA affirmed the family court's Order Regarding Motion for Reconsideration. Id.

In his application, Sami argues that the ICA erred by limiting its review to only the Order Regarding Motion for Reconsideration. Sami argues that his notice of appeal, taken together with his CADS and JS, indicated that he intended to appeal from the Order Regarding Motion for Reconsideration, the FOFs/COLs filed on July 8, 2010, and the Order Granting Custody, Visitation and Support filed on July 8, 2010. Jacqueline argues that "[t]he ICA properly applied HRAP Rule 3(c)(2) and Hawaiʻi law in limiting its review to the [Order Regarding Motion for Reconsideration]."

Under our caselaw interpreting HRAP Rule 3(c)(2), the ICA erred in limiting its review to the Order Regarding Motion for Reconsideration. HRAP Rule 3(a) provides that "[a]n appeal

-4-

permitted by law from a court or agency shall be taken by filing a notice of appeal[.]"  HRAP Rule 3(c)(2) concerns the contents of the notice of appeal and provides in pertinent part:

> The notice of appeal shall designate the judgment, order, or part thereof and the court or agency appealed from.  A copy of the judgment or order shall be attached as an exhibit. . . . An appeal shall not be dismissed for informality of form or title of the notice of appeal.

In Ek, this court addressed Ek's failure to specifically reference a March 5, 1999 prefiling order in his notice of appeal, to which his arguments on appeal related.  102 Hawaiʻi at 292-93, 75 P.3d at 1183-84.  However, this court stated that "a mistake in designating the judgment should not result in loss of the appeal as long as the intention to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake."  Id. at 294, 75 P.3d at 1185 (emphasis added) (ellipses and internal quotation marks omitted) (quoting State v. Graybeard, 93 Hawaiʻi 513, 516, 6 P.3d 385, 388 (App. 2000)).  In reaching the issues related to the March 5, 1999 prefiling order, this court stated:

> We believe it can be fairly inferred from the court's reasoning in the order denying the motion to extend, which Ek attached as an exhibit to the notice of appeal, that Ek also intended to appeal from the prefiling order. [Appellee] has not claimed that he was misled in any way by the notice of appeal.  Moreover, inasmuch as it was one of the two bases for the court's denial of the motion to extend, examination of the prefiling order is necessary in determining whether the court properly denied the motion to extend.

Id.

Here, the examination of the July 8, 2010 Order

-5-

Regarding Custody, Visitation, and Support was "necessary in determining whether the [family court] properly denied" Sami's motion for reconsideration. Id. Contrary to what the ICA determined, the Order Regarding Motion for Reconsideration could not be reviewed independent of the Order Granting Custody, Visitation, and Support in this particular case. In his motion for reconsideration, Sami challenged the reasoning of the family court's order and asked the family court to reconsider specific paragraphs in the Order Granting Custody, Visitation, and Support, as well as specific FOFs/COLs. Moreover, Sami argued in his motion that "the court's order is, in its current form, inconsistent, both to what the court orally stated and with[in] its own four corners[.]"

For the same reasons, Sami's intent to appeal from the underlying July 8, 2010 order could be "fairly inferred" from his notice of appeal. See Ek, 102 Hawaiʻi at 294, 75 P.3d at 1185.

Moreover, the record does not reflect that Jacqueline was misled or prejudiced by Sami's mistake to her detriment. See City and Cnty. of Honolulu v. Midkiff, 57 Haw. 273, 275, 554 P.2d 233, 235 (1976) (stating that there was "no showing of any misleading of the other parties to their detriment"); Ek, 102 Hawaiʻi at 294, 75 P.3d at 1185 (pointing out that appellee "has not claimed that he was misled in any way by the notice of appeal"); Althouse v. State, 111 Hawaiʻi 35, 40 n.4, 137 P.3d

349, 354 n.4 (2006) (declining "to excise [appellant's] second point of error inasmuch as the notice of appeal was timely filed and there is no indication that any party suffered prejudice"). Jacqueline thoroughly briefed each of the issues raised in Sami's opening brief, including those that reached the personal and subject matter jurisdiction issues, as well as the underlying orders. Accordingly, Jacqueline knew which orders were at issue. See In re Brandon, 113 Hawaiʻi 154, 155, 149 P.3d 806, 807 (App. 2006) (pointing to the appellee's statement contesting jurisdiction as evidence that the appellee knew what order was at issue). Furthermore, Jacqueline did not argue that she suffered any actual prejudice. Thus, contrary to the ICA's conclusion, the record does not reflect that Jacqueline was "misled" by Sami's mistake or prejudiced by it. See Tamman, 2011 WL 5926186 at *1. The approach taken in other jurisdictions is consistent with our caselaw in liberally construing the notice of appeal where the appellant's intent is clear and there is no prejudice to the appellee. See 5 Am. Jur. 2d Appellate Review § 294 (2007) ("Most state jurisdictions follow the rule that notices of appeal are to be liberally construed in favor of their sufficiency so long as the opposing party has not been misled to his or her irreparable harm.").

Based on the facts and circumstances of this case, the ICA erred in limiting its review to the Order Regarding Motion for Reconsideration.

Accordingly,

IT IS HEREBY ORDERED that the ICA's December 15, 2011 judgment is vacated and the case is remanded to the ICA to address Sami's remaining points of error.

DATED: Honolulu, Hawaii, March 28, 2012.

| | |
|---|---|
| Samuel P. King, Jr. (Scott T. Stack on the briefs), for petitioner/ defendant-appellant. | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| Robert M. Harris, Jonathan W. Ware, pro hac vice, and Kaethe Carl, of counsel (Freshfields Bruckhaus Deringer US LLP) on the brief, and Peter Van Name Esser for respondent/ plaintiff-appellee. | /s/ Simeon R. Acoba, Jr. |
| | /s/ James E. Duffy, Jr. |
| | /s/ Glenn J. Kim |

