*** NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER ***

Electronically Filed
Supreme Court
SCWC-30059
28-FEB-2014
08:17 AM

SCWC-30059

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

STATE OF HAWAIʻI, Respondent/Plaintiff-Appellee,

vs.

CLARENCE STONE, Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(ICA NO. 30059; CASE NOS. 2DTA-08-00722; 2DTA-08-01628;
2DTC-08-011610; 2DTC-09-009261)

MEMORANDUM OPINION
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Petitioner/Defendant-Appellant Clarence Stone (Stone) appeals from the Intermediate Court of Appeals' (ICA) October 1, 2012 Judgment on Appeal filed pursuant to its August 31, 2012 Summary Disposition Order (SDO). The ICA affirmed the September 1, 2009 Notice of Entry of Judgment and/or Order and Plea/Judgments in Case Nos. 2DTA-08-00722, 2DTA-08-01628, 2DTC-08-011610, and 2DTC-09-009261 filed in the District Court of the Second Circuit, Wailuku Division (district court). Stone

presents the following question to this court: whether the ICA erred in affirming his convictions where the charges failed to state an offense, and, accordingly, did not confer subject matter jurisdiction upon the district court.

I.  BACKGROUND

A.  The Four Traffic Cases

The appeal in this case arises from four different traffic cases, later consolidated.

In the first case, Case No. 2DTA-08-00722, the State filed an amended complaint on March 2, 2009, charging Stone with Operating a Vehicle After License and Privilege Have Been Suspended or Revoked For Operating a Vehicle Under the Influence of an Intoxicant (OVLPSR-OVUII) in violation of HRS §§ 291E-62 and 291E-62(b)(1) (Count I), and No No-Fault Insurance in violation of HRS §§ 431:10C-104(a), 431:10C-117(2), and 431:10C-117(3) (Count II).

In the second case, Case No. 2DTA-08-01628, the State filed an amended complaint on October 8, 2009, charging Stone with Operating a Vehicle Under the Influence of an Intoxicant (OVUII) in violation of HRS §§ 291E-61(a) and 291E-61(b)(5) (Count I), and Driving Without a License (DWOL) in violation of HRS §§ 286-102 and 286-136(a) (Count II).

-2-

In the third case, Case No. 2DTC-08-011610, the State filed an amended complaint on January 23, 2009, charging Stone with OVLPSR-OVUII in violation of HRS §§ 291E-62 and 291E-62(b)(1) (Count I), and No No-Fault Insurance in violation of HRS §§ 431:10C-104(a) and 431:10C-117(2)-(3) (Count II).

In the fourth case, Case No. 2DTC-09-009261, the State filed an amended complaint on June 26, 2009, charging Stone with OVLPSR-OVUII in violation of HRS §§ 291E-62 and 291E-62(b)(3) (Count I), and No No-Fault Insurance in violation Of HRS §§ 431:10C-104(a) and 431:10C-117(2) and (3) (Count II).

B.  March 20, 2009 Change of Plea Hearing for Three Cases

On March 20, 2009,[1] Stone entered guilty pleas in Case Nos. 2DTA-08-00722, 2DTA-08-01628, and 2DTC-08-011610 pursuant to a plea agreement with the State.  As part of the agreement, the State dismissed with prejudice Count II (No No-Fault Insurance) in Case No. 2DTA-08-00722, and also agreed to not request more than thirty days of jail time in any of the cases unless Stone did not appear for sentencing.  Stone pleaded guilty to all other counts in the named cases.

---

[1]     The Honorable Paul Horikawa presided.

-3-

C.   July 14, 2009 Hearing: Change of Plea in Fourth Case and
Sentencing in All Cases

At a July 14, 2009 hearing,[2] as to Count I (OVLPSR-

OVUII) in Case No. 2DTC-09-009261, Stone pleaded no contest

pursuant to a plea agreement, and the State agreed to dismiss

with prejudice Count II (No No-Fault Insurance).

At this same hearing, the district court imposed

sentences in all four of the cases referenced above.  The

district court's sentences included various fines and concurrent

jail terms, with the longest jail term being a one-year term for

the most recent case, Case No. 2DTC-09-009261:

1. Count One in Case No. 2DTA-08-00722 (Operating Vehicle After License Suspended or Revoked, as a first offense): thirty days jail with credit for time served; $30 criminal injury fee; $250 fine; $7 driver ed fee; one-year driver's license suspension upon release from jail.
2. Count One in Case No. 2DTA-08-01628 (OVUII, as a second offense): fourteen days jail with credit for time served; $500 fine; $462 in administrative fees and court costs; one-year driver's license suspension and substance abuse evaluation upon release from jail.
3. Count Two in Case No. 2DTA-08-01628 (Driving Without License, as a fifth offense): 180 days in jail with credit for time served; $500 fine; $7 driver ed fee; $40 admin fee; $55 criminal injury fee.
4. Count One in Case No. 2DTC-08-011610 (Operating Vehicle After License Suspended or Revoked, as a second offense): thirty days jail with credit for time served; $250 fine; $30 criminal injury fee; $7 driver ed fee.
5. Count Two in Case No. 2DTC-08-011610 (No No-Fault Insurance, as a first offense): $500 fine; $7 driver ed fee; three-month driver's license suspension.
6. Count One in Case No. 2DTC-09-009261 (Operating Vehicle After License Suspended or Revoked, as a third offense): one year jail with credit for time served;

---

[2]      The Honorable Kelsey Kawano presided.

> $2000 fine; $40 admin fee; $7 driver ed fee; $55 criminal injury fee; $10 trauma system surcharge; permanent driver's license revocation.
> 7. All jail sentences and driver's license suspensions were ordered to run concurrently.

Judgments in all four cases were filed on July 14, 2009.

### D. Post-Sentencing Motions

On July 30, 2009, Stone filed a post-judgment motion to withdraw his pleas. At the hearing held on August 6, 2009, the parties reached an agreement with respect to a reduction of Stone's jail sentences from one year to six months. Stone also orally moved to extend the time for filing a notice of appeal. In order to effectuate the agreement, on August 26, 2009, Stone filed a motion to reduce the sentences pursuant to Hawaiʻi Rules of Penal Procedure (HRPP) Rule 35, which set forth the terms of the agreement.

At the September 1, 2009 hearing on Stone's motion to reduce sentence, the court granted the motion, and Stone's jail terms were reduced in accordance with the August 6, 2009 agreement. Accordingly, the court: suspended all but 14 days of the jail terms that had previously been imposed, upon the condition that Stone commit no further similar driving offenses, stayed the mittimus pending appeal, consolidated the four cases for appeal, and granted Stone's oral motion to extend the time for filing a notice of appeal to September 14, 2009. On

September 1, 2009, the court issued amended judgments reflecting the modified sentences.

On September 14, 2009, Stone filed a notice of appeal from the July 14, 2009 judgments. On September 21, 2009, the court issued its written order granting Stone's oral motion to extend the time for filing a notice of appeal to September 14, 2009.

### E. Appeal to the ICA

#### 1. Opening Brief

Stone's appeal was premised on his contention that, with respect to 2DTA-08-01628, the district court lacked subject matter jurisdiction over (a) the OVUII offense because the charge failed to allege an essential element of the offense, and (b) the DWOL offense because the charge failed to allege that Stone "was not excepted by statute from the driver's licensing requirements." Similarly, with respect to Case Nos. 2DTA-08-00722, 2DTC-08-011610, and 2DTC-09-009261, Stone contended the district court lacked subject matter jurisdiction over each of the charges because of their failure to allege an essential element of the offense. Stone requested that the ICA remand with instructions to dismiss these charges without prejudice.

2. Answering Brief

The State argued that Stone's September 14, 2009 notice of appeal, which designated the July 14, 2009 Judgment "as appealed from," was defective for failing to appeal the final judgment. Rather, the State argued that the September 1, 2009 Amended Judgment "was the final judgment in the underlying case for purposes of appeal in light of State v. Kilborn, 109 Hawaiʻi 435, 127 P.3d 95 (App. 2005)[.]"[3] Therefore, the State argued that the notice of appeal failed to properly confer appellate jurisdiction and the appeal should be dismissed.

The State also argued that the complaints in these cases were not defective because the trial court's jurisdiction was established prior to Stone entering his guilty pleas, and Stone did not show, nor even claim, that he was prejudiced by any defect in the charges.

3. The ICA SDO

On August 31, 2012, the ICA issued its SDO. State v. Stone, No. SCWC-30059, 2012 WL 3791886, at *1 (App. Aug. 31,

---

[3] The State argued that in Kilborn, the ICA "observed that the district court did not finally decide whether the defendant in a criminal traffic case would be required to pay restitution and if so, in what amount." The State contended that the ICA held that "judgments of conviction entered in the district courts are not final and not appealable pursuant to HRS § 641-12, unless they include the final adjudication and the final sentence." "Thus, the judgment which was appealed from was not final because the sentence was not the final sentence, and the appeal was dismissed for lack of appellate jurisdiction."

-7-

2012).[4]  The ICA first addressed the State's argument that Stone's notice of appeal was defective and he had failed to invoke appellate jurisdiction.  Stone, 2012 WL 3791886, at *2.

The ICA began its analysis by noting that the district court had entered two sets of judgments, and that "Stone filed his notice of appeal on September 14, 2009, within thirty days of the September 1, 2009 judgments."  Stone, 2012 WL 3791886, at *1. The ICA then relied upon Poe v. Hawaii Labor Relations Board, 98 Hawaiʻi 416, 49 P.3d 382 (2002), for the general rule with respect to multiple judgments: where a judgment is amended in a material and substantial respect, the time from which an appeal may be taken begins to run from the date of the amendment unless the amendment relates only to the correction of clerical errors. Stone, 2012 WL 3791886, at *2.  The ICA concluded that the September 1, 2009 judgments had materially and substantially altered the July 14, 2009 judgments by modifying Stone's sentences.  It was therefore "error" for Stone's notice of appeal to provide that the appeal was from the district court's July 14, 2009 judgments, rather than from the September 1, 2009 judgments. Stone, 2012 WL 3791886, at *1-2.

---

[4]     The Honorable Daniel R. Foley and Lisa M. Ginoza comprised the majority, and Chief Judge Craig H. Nakamura filed a separate concurring and dissenting opinion.

The ICA held that "this error does not prevent appellate jurisdiction in this appeal."  Under State v. Bohannon, 102 Hawaiʻi 228, 74 P.3d 980 (2003), the ICA concluded that "a mistake in designating the judgment . . . should not result in loss of the appeal as long as *the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake*."  Stone, 2012 WL 3791886, at *2 (citing Bohannon, 102 Hawaiʻi at 235, 74 P.3d at 987 (quoting City & Cnty. of Honolulu v. Midkiff, 57 Haw. 273, 275-76, 554 P.2d 233, 235 (1976)).  The ICA noted that the State did not argue that it could not be fairly inferred that Stone intended to appeal the September 1, 2009 judgments, or that it was misled by the mistake.  Stone, 2012 WL 3791886, at *2.  The ICA therefore concluded that it had appellate jurisdiction.  Id.

In regards to the sufficiency of the charges, the ICA rejected Stone's "untimely challenge to the sufficiency of the respective charges and his assertion that the district court lacked subject matter jurisdiction to convict him."  Id. at *4.

In his concurring and dissenting opinion, Chief Judge Nakamura stated that he would have held that the OVUII charge in Case No. 2DTA-08-01628 was insufficient, but he agreed with the majority that all the other charges were sufficient.  Id. at *6, *15 (Nakamura, J., concurring in part and dissenting in part).

-9-

Therefore, the ICA affirmed the judgment of the district court in each of the four cases.

### F.  Application for Writ of Certiorari

In his application for writ of certiorari (Application) to this court, Stone maintains that the OVUII charge and each of the three OVLPSR-OVUII charges failed to state an offense and thereby did not confer subject matter jurisdiction on the district court.  Specifically, the ICA failed in its decision to consider State v. Nesmith, 127 Hawaiʻi 48, 276 P.3d 617 (2012) and State v. Walker, 126 Hawaiʻi 475, 273 P.3d 1161 (2012).  Stone also contends that the district court lacked subject matter jurisdiction over the DWOL offense.

In its Response, the State disagrees with Stone's assertion that the charges in this case were jurisdictionally defective under Nesmith and Walker.

In his Reply, Stone maintains that the OVLPSR-OVUII charges "must be reversed and the matter remanded for a dismissal without prejudice because the charges failed to allege a mens rea."

### II. DISCUSSION

"A court always has jurisdiction to determine whether it has jurisdiction over a particular case."  State v. Bohannon, 102 Hawaiʻi 228, 234, 74 P.3d 980, 986 (2003) (citing State v.

-10-

Graybeard, 93 Hawaiʻi 513, 516, 6 P.3d 385, 388 (App. 2000) ("An appellate court has . . . an independent obligation to ensure jurisdiction over each case and to dismiss the appeal *sua sponte* if a jurisdictional defect exists.")).  The issue of whether an appellant "compli[ed] with the requirement of the timely filing of a notice of appeal, as set forth in HRAP Rule 4(b)(1), is jurisdictional."  Bohannon, 102 Hawaiʻi at 234, 74 P.3d at 986 (brackets omitted).

The ICA, in its SDO, rejected the State's argument that Stone's notice of appeal was defective and had failed to invoke appellate jurisdiction.[5]  Stone, 2012 WL 3791886, at *2.  In reaching this conclusion, the ICA stated that although it was "error" for Stone's notice of appeal to provide that the appeal was from the district court's July 14, 2009 judgments, rather than from the September 1, 2009 judgments, this error did "not prevent appellate jurisdiction in this appeal."  Id.

In light of our independent obligation to ensure our jurisdiction over a case, we address the State's jurisdictional challenge to Stone's appeal to the ICA.  Thus we consider whether the 30-day period for Stone to appeal his convictions began running from July 14, 2009, the date when the original judgment

---

[5]     This issue was not raised in the State's Response to the Application, but was raised in the State's Answering Brief at the ICA.

was filed, or from September 1, 2009, the date when the amended judgment was filed, which reflected the district court's granting of the motion to reduce sentence.

A.

"In a criminal case, the notice of appeal shall be filed . . . within 30 days after entry of the judgment or order appealed from."  Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4(b)(1) (2006).  The only exceptions to the commencement date of the time for filing the notice of appeal is "[i]f a timely motion in arrest of judgment under [HRPP] Rule 34 . . . or for a new trial under [HRPP] Rule 33 . . . has been made, an appeal from a judgment of conviction may be taken within 30 days after the entry of any order denying the motion."  HRAP Rule 4(b)(2) (2009).

HRAP Rule 4(b)(2) does not provide that a motion for reconsideration will extend the time to the date of the order granting or denying the motion.  This is because HRPP Rule 35(b) (2003) provides its own procedure when an appeal is filed.

"The general rule is that the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case."  State v. Ontiveros, 82 Hawaiʻi 446, 448-49, 923 P.2d 388, 390-91 (1996) (brackets omitted).  However, "[a] motion to reduce a sentence that is made within the time prior [to the imposition

-12-

of sentence] shall empower the court to act on such motion even though the time period has expired."  HRPP Rule 35(b) (2003).[6]
Thus, "[t]he filing of a notice of appeal shall not deprive the court of jurisdiction to entertain a timely motion to reduce a sentence."  Id.

Consequently, there is no need for a defendant to defer filing a notice of appeal in order to determine the disposition of a motion for reduction of sentence.  If the result is unfavorable, the proceedings related to the appeal have not been unnecessarily delayed.  If the outcome is favorable, the defendant may withdraw the appeal.

In State v. Naone, the court held that a motion to reconsider sentence[7] does not extend the time for filing a notice of appeal under HRAP Rule 4(b):

---

[6]     HRPP Rule 35(b) states:

Reduction of Sentence. The court may reduce a sentence within 90 days after the sentence is imposed, or within 90 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 90 days after entry of any order or judgment of the Supreme Court of the United States denying review of, or having the effect of upholding the judgment of conviction. A motion to reduce a sentence that is made within the time prior shall empower the court to act on such motion even though the time period has expired. The filing of a notice of appeal shall not deprive the court of jurisdiction to entertain a timely motion to reduce a sentence.

HRPP Rule 35(b) (2003).

[7]     The terms "motion for reconsideration of sentence" and "motion to reduce sentence" are often used interchangeably by our courts.

-13-

It is undisputed that judgment in this case was entered on July 11, 1997, as amended on July 22 and 24, 1997, and that Defendant filed his notice of appeal on September 2, 1997, beyond the deadline prescribed by HRAP Rule 4(b). Although the record reflects that Defendant filed a motion to reconsider his sentence on August 11, 1997, <u>such a motion does not qualify under HRAP Rule 4(b) as a tolling motion that extends the filing deadline for a notice of appeal</u>. Therefore, Defendant's appeal was clearly untimely.

92 Hawaiʻi 289, 300, 990 P.2d 1171, 1182 (App. 1999) (emphasis added); <u>see</u> <u>also</u> <u>State v. Solomon</u>, 107 Hawaiʻi 117, 125 n.4, 111 P.3d 12, 20 n.4 (2005) ("Disposition of a motion for reconsideration of sentence, however, '<u>does not qualify</u> under HRAP Rule 4(b) <u>as a tolling motion that extends the filing deadline for a notice of appeal.</u>'" (citing <u>Naone</u>, 92 Hawaiʻi at 300, 990 P.2d at 1182) (emphasis added)).

Consistent with the court's holding in <u>Naone</u>, a motion to reduce sentence "does not qualify under HRAP Rule 4(b) as a tolling motion that extends the filing deadline for a notice of appeal." <u>See</u> <u>Naone</u>, 92 Hawaiʻi at 300, 990 P.2d at 1182. Accordingly, the disposition of Stone's motion to reduce sentence had no effect on the time allowed for filing a notice of appeal. Thus, the ICA erred in concluding that the issuance of an amended judgment resulted in a new time period to appeal based on the filing date of the amended judgment.

Consequently, the ICA erred in concluding that Stone's notice of appeal should have referenced the appeal from the

-14-

September 1, 2009 judgments. See Stone, 2012 WL 3791886, at *2. Stone's notice of appeal correctly referenced the July 14, 2009 judgments. Id.

B.

The ICA also erred in holding that Stone should have appealed from the September 1, 2009 amended judgments on the basis that they "materially and substantially altered" the July 14, 2009 judgments by modifying Stone's sentences. Id. The ICA's reliance on State v. Mainaaupo, 117 Hawaiʻi 235, 246 n.6, 178 P.3d 1, 12 n.6 (2008) as support for its ruling that Stone correctly appealed from the September 1, 2009 amended judgment is misplaced. See id. at 246 n.6, 178 P.3d at 12 n.6. In Mainaaupo, the court was addressing when the time for filing of an application for writ of certiorari began running under HRAP Rule 40.1(a).[8] Id. It was in this context that we stated that "where a judgment is amended in a material and substantial respect, the time within which an appeal from such determination may be taken begins to run from the date of the amendment." Id.

---

    [8]    In Mainaaupo, the ICA's judgment, entered on September 13, 2007, vacated the circuit court's judgment and remanded the case for a new trial. 117 Hawaiʻi at 246, 178 P.3d at 12. Because this disposition was inconsistent with its memorandum opinion, the ICA entered an amended judgment on October 8, 2007, which affirmed the circuit court's judgment. Id. Mainaaupo filed an application for writ of certiorari on December 11, 2007. Id. This court held that the time period for filing the application under HRAP Rule 40.1 began running anew when the ICA filed its amended judgment, reasoning that "the ICA's amendment did not simply eliminate clerical errors but, rather, changed the fundamental disposition of this matter from a 'vacate and remand' to an affirmance." Id. at 246 n.6, 178 P.3d at 12 n.6.

-15-

This court's holding in Mainaaupo, which was applicable to filing an application for a writ of certiorari, does not prescribe the time for filing an appeal from a judgment of conviction, which is expressly governed by HRAP Rule 4(b). Mainaaupo is not precedent that the time period for filing a notice of appeal from a judgment begins running from an amended judgment of conviction when there has been a favorable disposition of a motion to reduce sentence. Rather, the amended judgment merely reduces the sentences as a result of a favorable ruling on the motion to reduce sentence, and has no effect on the time period for filing the notice of appeal.

Under the ICA's analysis, if a defendant were to defer filing a notice of appeal until after the disposition of a motion for reduction of sentence, the timeliness of the notice of appeal would depend on whether a favorable disposition of the motion was obtained, as an amended judgment would not otherwise be issued. A defendant should not be encouraged to gamble as to whether to file a notice of appeal based on the outcome of a ruling of a motion for reduction of sentence.

Additionally, the ICA's analysis contradicts HRPP Rule 45(b) by providing a means to extend the time period for filing a notice of appeal through an amended judgment based on an HRPP Rule 35 motion.

-16-

HRPP Rule 45(b) (2001) provides:

Enlargement.  When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done if the failure to act was the result of excusable neglect; <u>but the court may not extend the time for taking any action under Rules 29, 33, 34 and 35 of these rules and Rule 4(b) of the Hawaiʻi Rules of Appellate Procedure, except to the extent and under the conditions stated in them</u>.

Allowing an amended judgment to extend the time for filing a notice of appeal that was based upon a favorable disposition of an HRPP Rule 35 motion would contravene the express terms of HRPP Rule 45(b).

C.

Consequently, Stone correctly appealed from the July 14, 2009 judgments.  At the August 6, 2009 hearing, Stone orally moved to extend the time for filing a notice of appeal.  Stone was granted a 30-day extension to file the notice of appeal on September 1, 2009.  On September 14, 2009, Stone timely filed the notice of appeal.  Accordingly, this court has jurisdiction of Stone's appeal.

D.

Based upon our review of the record, the ICA's October 1, 2012 Judgment on Appeal is affirmed.

DATED: Honolulu, Hawaiʻi, February 28, 2014.


Hayden Aluli
for petitioner

John D. Kim and
Peter A. Hanano
for respondent

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

